COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-223-CR

RONALD JOHN HESS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

------------

OPINION

------------

Appellant Ronald John Hess appeals his conviction, $800 fine, and 150-day probated jail sentence for driving while intoxicated.  We affirm. 

I.  Factual and Procedural Background

Just before midnight on January 26, 2005, Brandon Allison, a motorist traveling westbound on state highway 114 in Denton County, contacted the City of Keller Police Department to report that he observed a vehicle swerving dangerously close to other traffic.  Allison continued to follow the vehicle as he remained on the line with the police dispatcher so that he could pinpoint the location of the swerving motorist to the responding officer.  Within five minutes, Officer Jimmy Rodriguez arrived on the scene.  As Rodriguez approached the two cars, he asked Allison to activate his hazard lights so that he could distinguish between Allison’s vehicle and the one that Allison had reported.  Rodriguez then positioned his patrol cruiser behind the reported vehicle and conducted a traffic stop after the driver, who was later identified as Hess, failed to maintain a single lane of traffic and switched lanes without signaling. 

Upon approaching the vehicle, Officer Rodriguez testified that he immediately smelled the odor of alcohol and noticed that Hess’s eyes were bloodshot.  The officer then asked Hess to exit the vehicle and perform three standard field sobriety tests.  The record indicates that Hess exhibited all six clues of intoxication on the horizontal gaze nystagmus test, seven of the eight clues on the walk-and-turn test, and three out of four clues during the one-leg stand test.  Therefore, Officer Rodriguez determined that Hess was intoxicated and arrested him for DWI.  A subsequent inventory search of Hess’s vehicle revealed three bottles of bourbon and a medium size Wendy’s cup in the center console which contained a brownish liquid that smelled of alcohol.  At the police station, Hess refused to submit to a breath test but did say that the drink found in the center console was his second drink of the day. 

On April 7, 2005, Hess was charged by information with driving while intoxicated (DWI).  He pled not guilty to the charge, and the case was tried to a jury.  At the outset of trial, the court tendered a copy of its proposed jury charge to the parties.  In the proposed charge, the court instructed the jury that it “may consider the Defendant’s refusal to submit to a breath test as evidence in this matter.”  Hess objected to that instruction, arguing that it constituted an improper comment on the weight of the evidence.  
See 
Tex. Code Crim. Proc. Ann.
 art. 36.14 (Vernon Supp. 2006).  However, the trial court overruled the objection.  At the close of the evidence, Hess’s counsel re-urged his previous objection to the charge and alternatively requested that the court instruct the jury that it may consider a number of facts that were admitted into evidence and were favorable to Hess as evidence in the case.
(footnote: 1)  Nevertheless, the trial court again overruled Hess’s objection to the charge and denied his request regarding the additional instructions.  The jury subsequently convicted Hess of DWI and this appeal followed. 

II.  Discussion

A. Comment on the Evidence

In his first issue, Hess contends that the trial court improperly commented on the weight of the evidence by instructing the jury that it “may consider the Defendant’s refusal to submit to a breath test as evidence in this matter.”  Specifically, Hess argues that the court commented on the evidence by singling out his refusal to submit to the test.  We agree.

Article 36.14 of the code of criminal procedure provides that: 

in each felony case . . . the judge shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury. 

Tex. Code Crim. Proc. Ann.
 art. 36.14.  
The primary reason for the rule is that an instruction by the trial judge to the jury on the weight of the evidence reduces the State’s burden of proving guilt beyond a reasonable doubt.  
Brown v. State, 
122 S.W.3d 794, 798 (Tex. Crim. App. 2003), 
cert. denied, 
541 U.S. 938 (2004).  As recognized in 
Lagrone v. State
, “[j]urors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved.”  84 Tex. Crim. 609, 615-16, 209 S.W. 411, 415 (1919).  Therefore, trial judges must refrain from making any remark calculated to convey to the jury his or her opinion of the evidence in a particular case. 
Tex. Code Crim. Proc. Ann.
 art. 38.05.

A charge that assumes the truth of a controverted issue is a comment on the weight of the evidence and is erroneous.  
Whaley v. State, 
717 S.W.2d 26, 32 (Tex. Crim. App. 1986).  Likewise, a court’s jury instruction violates article 36.14 if it “obliquely or indirectly covey[s] some opinion on the weight of the evidence by singling out that evidence and inviting the jury to pay particular attention to it.”  
Brown, 
122 S.W.3d at 801.  Also on the “near end” of the “improper-judicial comment” spectrum is an instruction that is simply unnecessary and fails to clarify the law for the jury.  
Id.

The State points us to three unpublished opinions to support its contention that the instruction was proper.
(footnote: 2)  The State first argues that the instruction did not violate article 36.14 because the instruction was neutral in that it did not direct the jury to draw any particular inference from the evidence or tell the jury how to relate the refusal to the ultimate issue of intoxication.  However, even a seemingly neutral instruction about a particular type of evidence constitutes an impermissible comment on the weight of the evidence because such an instruction unjustifiably singles out a particular piece of evidence for special attention.
  Matamoros v. State, 
901 S.W.2d 470, 477 (Tex. Crim. App. 1995).  

Additionally, the State argues that the instruction was appropriate because it was a proper statement of the law under section 724.061 of the Texas Transportation Code.  While that section provides that “[a] person’s refusal . . . to submit to the taking of a specimen of breath or blood . . . may be introduced into evidence at the person’s trial[,]” nothing in the statute authorizes a trial court to isolate that fact from all other evidence presented in the case and specifically instruct the jury 
that it may consider the refusal as evidence.  
See 
Tex. Transp. Code Ann.
 § 724.061 (Vernon 1999).  By enacting the statute, the legislature clearly indicated that evidence of a refused breath test is relevant at a DWI trial.  
See Moore v. State
, 981 S.W.2d 701, 708 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (op. on reh'g).  Thus, the statute serves to assist trial court judges in determining the admissibility of a certain class of evidence in DWI cases.  
See id.
  It does not serve as an explicit legal tool enacted for the benefit of the jury.  
See Brown, 
122 S.W.3d at 803. 

Thus, we hold that the instruction included in the charge in this case constituted an improper comment on the weight of the evidence in violation of article 36.14.  Through the instruction, the court commented on the evidence by effectively highlighting Hess’s refusal to take the breath test.  
Chambers v. State, 
700 S.W.2d 597, 599 (Tex. Crim. App. 1985), 
overruled on other grounds by Reynolds v. State
, 4 S.W.3d 13 (Tex. Crim. App. 1999) ; 
Massie v. State
, 744 S.W.2d 314, 318 (Tex. App.—Dallas 1988, pet. ref’d).  Although the jury was certainly free to consider Hess’s refusal to submit to the test as evidence in the case, the court was not justified in singling out that specific piece of evidence and inviting the jury to pay particularized attention to it.  
See Brown, 
122 S.W.3d at 801.  Further, Hess’s refusal to take the test did not constitute evidence that was entitled to special consideration under the law, 
see Atkinson v. State, 
923 S.W.2d 21, 25 (Tex. Crim. App. 1996), 
abrogated on other grounds by Motilla v. State, 
78 S.W.3d 352 (Tex. Crim. App. 2002), nor did the 
instruction clarify the law in any way for the jury.  
Brown, 
122 S.W.3d at 801
.  
Therefore, the instruction was wholly unnecessary, and the trial court erred in including it in the charge.
  
Accordingly, we sustain Hess’s first issue.  

B. Harm

Having determined that there was error in the charge, we now must turn to Hess’s second issue and decide if sufficient harm was caused by the error to require a reversal.  
See Hutch v. State
, 922 S.W.2d 166, 170-71 (Tex. Crim. App.1996).  The standard to determine whether sufficient harm resulted from the charging error to require reversal depends upon whether the Appellant objected.  
See Olivas v. State, 
202 S.W.3d 137, 144 (Tex. Crim. App. 2006) (interpreting 
Almanza v. State, 
686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh’g)).  When the Appellant has made a timely objection at trial, as Hess has in this case, an appellate court will search only for “some harm.”  
Abdnor v. State
, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994).  
In other words, a properly preserved error will require reversal as long as the error is not harmless.  
Almanza
, 686 S.W.2d at 171.  In making this determination, “the actual degree of harm, must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Id.
; 
see also Hutch,
 922 S.W.2d at 171. 
 After reviewing the entire jury charge, the state of the evidence, and the arguments of counsel, we hold that the instruction in this case, albeit improper, was not harmful to Hess. 
 Absent the instruction in question, the charge is wholly unexceptional.  It contains no other erroneous or questionable sections and the application paragraph properly instructs the jury to find Hess guilty if “you find from the evidence beyond a reasonable doubt that on or about the 26
th
 day of January, 2005, the defendant RONALD JOHN HESS, did then and there drive or operate a motor vehicle in a public place located in Denton County, Texas, while intoxicated.”  
See 
Tex. Penal Code Ann.
 § 49.04 (Vernon 2003).  The charge then states “[u]nless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof, you will find the defendant not guilty.”  The charge also properly defined intoxication to mean “not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body,” 
see 
Tex. Penal Code Ann.
 § 49.01(2)(A), and further directs the jury to resolve the issue of Appellant’s guilt “based upon the evidence admitted by the Court.”  Assuming, as we must, that the jury followed the instructions of the trial court, 
Colburn v. State
, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998), we can not say that the erroneous instruction reduced the State’s burden of proof in any way.

Further, as outlined above, Officer Rodriguez testified that (1) he immediately noticed the odor of alcohol emanating from Hess’s vehicle following the stop, (2) Hess’s eyes appeared bloodshot, (3) Hess failed all three field sobriety tests administered at the scene, (4) Hess refused to submit to a breath test, 
(5) he found a cup in the center console containing a liquid that smelled of alcohol, and (6) following Hess’s arrest, he found three bottles of bourbon in Hess’s vehicle, one of which was “mostly consumed.”  Rodriguez also stated that Hess admitted to consuming one alcoholic beverage “before [he] started driving” and that the one found in the vehicle was his second.  Evidence favorable to Hess’s position that he was not intoxicated includes the videotape of his arrest, which demonstrates that his speech was not slurred, and 
Rodriguez’s testimony on cross-examination that Hess stopped, exited, and walked to the rear of his vehicle in a “normal” fashion and that he had no problems producing his driver’s license or proof of insurance.  Although both parties admit that this case not a “slam-dunk, falling-down drunk” type of case, we can not say, given the weight of the evidence as a whole, that the court’s 
instruction
 caused Hess harm. 

Additionally, once the trial court admitted testimony regarding Hess’s refusal to take the breath test, both parties were free to argue that fact to the jury.  
See Wesbrook v. State, 
29 S.W.3d 103, 115 (Tex. Crim. App. 2000)
, cert. denied, 
532 U.S. 944 (2001).  In doing so, the State argued that Hess chose not to submit to the test because he knew he was in fact intoxicated.  The defense countered by asserting that Hess’s refusal to supply a breath specimen is not indicative of guilt.  Defense counsel argued that by declining a breath test, Hess simply exercised his rights under the law.  Therefore, the jury did not need any judicial instruction to focus its attention on the refused test.  
See Brown, 
122 S.W.3d at 803.  Rather, the advocates quite competently did so on their own.  
See id.
  Although the State referred to Hess’s refusal four times during its closing, the record demonstrates that the prosecution did not emphasize the court’s instruction, focus the jury’s attention on that instruction, or exploit the instruction by placing the weight of the trial court behind it.  Accordingly, we hold that the instruction was harmless under the facts of this case and we overrule Hess’s second issue.

C. Refusal to Submit Requested Instructions 

In his third issue, Appellant contends that the trial court deprived him of his right to due course of law under article I, section 19 of the Texas Constitution by refusing to include his proposed jury instructions in the charge. However, those instructions would also have singled out specific pieces of evidence in violation of article 36.14.  
See 
Tex. Code Crim. Proc. Ann.
 art. 36.14.  Thus, for the reasons stated above, we overrule Appellant’s third issue.
(footnote: 3) 

III.  Conclusion

Having found the erroneous jury instruction harmless in this case, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B: HOLMAN, WALKER, and MCCOY, JJ.

PUBLISH

DELIVERED:  April 5, 2007

FOOTNOTES
1:
Specifically, Hess requested that the court include the following instructions in its charge to the jury:

1. “You may also consider the fact that [Hess] did not have slurred speech as evidence in this [case].”

2. “You may [also] consider the fact that [Hess]’s response time to activation of the police officer’s overhead lights was normal as evidence in this case.”

3. “You may [also] consider the fact that [Hess] parked parallel to the road as evidence in this case.”

4. “You may [also] consider the fact that [Hess]’s exit [from the vehicle] was normal as evidence in this case.”

5. “You may also consider the fact that [Hess] . . . remained in the instructional position for the walk-and-turn test for 47 seconds as evidence in this case.” 

2:
These cases include 
Smith v. State, 
No. 13-05-003-CR, 2006 WL 2327365 (Tex. App.—Corpus Christi Aug. 10, 2006, no pet.) (mem. op.) (not designated for publication), 
Segura v. State, 
No. 04-05-320-CR, 2006 WL 1748438 (Tex. App.—San Antonio June 28, 2006, no pet.) (mem. op.) (not designated for publication), and 
Belle v. State, 
No. 14-05-1111-CR, 2006 WL 2074662 (Tex. App.—Houston [14th Dist.] July 27, 2006, no pet.) (mem. op.) (not designated for publication).  However, we note that these opinions are of no precedential value in our review of this case.  
See 
Tex. R. App. P.
 47.7.  

3:
Because the trial court did not err in refusing to include the proposed jury instructions, we do not reach the issue of harm raised by Hess’s final issue.