

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00159-CR

_____

JESSIE JOE PAYAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 159th Judicial District Court
Angelina County, Texas
Trial Court No. CR-27083

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter
Concurring Opinion by Justice Moseley

MEMORANDUM OPINION

Jessie Joe Payan was convicted by a jury of four counts of indecency with a child and sentenced to twelve years' confinement. Payan brings this appeal urging that the trial court erred by commenting on the weight of the evidence in a jury charge instruction.[1] We agree error was committed, but finding the harm that resulted was not egregious, we affirm the judgment of the trial court.

I.      **Factual and Procedural Background**

Having received reports of a sexual crime by Payan, Detective David Cross of the Lufkin Police Department requested that Payan come to the police station for an interview. When Payan arrived, Cross advised him that he was free to leave, was not under arrest, and could stop the interview. But Cross did not tell Payan that he was recording the interview. When the discussion was completed, Payan left and was arrested thirteen days later on charges which were the subject of the interview.

The State offered the videotaped interview into evidence and, after establishing that Payan was not told it would be recorded, Payan moved the court to disallow the recording contending that the failure to notify him that it would be recorded resulted in his making an involuntary statement. The trial court overruled this objection, but stated that an instruction regarding the voluntariness of

---

[1]"[T]he judge shall, before argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence . . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007).

2

the statement would be submitted to the jury. After the evidence was concluded, the State requested the court to add to the typical instruction on voluntariness of a statement the following: "The law does not require that a suspect be informed by a peace officer that his statement is being recorded electronically." The trial court so instructed the jury.

## II.    Preservation of Error

When the trial court gave Payan an opportunity, Payan did not object to this instruction, but offered the trial court an entire omnibus proposed charge, consisting of fifteen pages of instructions. Payan did not call to the court's attention that his proposed charge did not contain the additional instruction concerning voluntariness of the statement, but explained to the court that it was "basically the same as the State's except for Paragraph 7." [2] Payan argues that this submission of an entire jury charge,[3] which did not contain the complained-of addition, preserves the alleged error.

We disagree. This Court has previously held that, when a party fails to object to an instruction, the submission on an omnibus charge on the entire case, without more, cannot be seen as a sufficient, specific request pursuant to Article 36.15 of the Texas Code of Criminal Procedure.

---

[2]Paragraph 7 of Payan's proposed charge was an instruction that the jury should acquit if it found the touching to have been accidental or if it was done with no intent to arouse or gratify sexual desires.

[3]We further note other problems with Payan's proposed charge—it contained a definition of "reasonable doubt" that the Texas Court of Criminal Appeals has rejected. *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000).

3

*See* TEX. CODE CRIM. PROC. ANN. art. 36.15 (Vernon 2007);[4] *Taylor v. State*, 146 S.W.3d 801, 806 (Tex. App.—Texarkana 2004, pet. ref'd) (punishment charge consisting of six pages was not sufficient to preserve regarding improper parole instruction) (citing *Arana v. State*, 1 S.W.3d 824 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd)). Here, not only did Payan fail to object to the instruction, the further statement to the court that his charge was basically the same as the State's, except for an issue irrelevant to this discussion, did not apprise the trial court that he was proposing something different. Accordingly, we find Payan failed to object to the instruction and must demonstrate that the jury charge error resulted in "egregious harm" to him to warrant a reversal. *See Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994).

## III. Jury Charge Error

In analyzing a jury charge complaint, we first determine (1) whether error exists in the charge and, then, if charge error is found (2) whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). The degree of harm necessary for reversal depends on whether the defendant raised the objection below. *Id.* at 743. When a defendant fails to object, we will not reverse unless the record shows that the defendant suffered "egregious harm." *Id.* at 743–44; *Bluitt v. State*, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004)

---

[4]"The defendant may, by a special requested instruction, call the trial court's attention to error in the charge, . . . and no other exception or objection to the court's charge shall be necessary to preserve any error reflected by any special requested instruction which the trial court refuses." *See* TEX. CODE CRIM. PROC. ANN. art. 36.15.

(holding also that affirmative denial of objection is equivalent to failure to object to jury charge error).

The additional instruction given that "the law does not require a suspect be informed by a peace officer that his statement is being recorded electronically" is a correct statement of law. Article 38.22 no longer contains this requirement. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 , § 3 (Vernon 2007); *Moore v. State*, 882 S.W.2d 844, 846 (Tex. Crim. App. 1994). Further, the evidence demonstrates that Payan's statement was not taken during a custodial interrogation. But, whether the statement is a legally correct one is not the issue in this case. Many instructions requested both by the State and a defendant are correct statements of the law, but are not proper jury instructions. The Texas Court of Criminal Appeals has explained that even a seemingly neutral instruction may violate Article 36.14 by singling out a particular piece of evidence for special attention. *Rocha v. State*, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000). In *Rocha*, the defense requested an instruction on the voluntariness of a confession that advised the jury that, if the defendant was ill, medicated, or physically or mentally incapacitated to the extent as to render his or her confession involuntary, the jury should disregard it. *Id.* In finding this an improper instruction, the court stated: "Even a seemingly neutral instruction about a particular type of evidence constitutes an impermissible comment on the weight of the evidence in violation of Article 36.14 because such an instruction singles out a particular piece of evidence for special attention." *Id.* (citing *Matamoros v. State*, 901 S.W.2d 470 (Tex. Crim. App. 1995)); *see also Penry v. State*, 903 S.W.2d 715, 748 (Tex. Crim.

5

App. 1995) (special instruction singling out issue of mental retardation in determining voluntariness of confession was improper).

Payan relies on *Rocha*, but the State made no attempt to explain why its rationale is not applicable in this case. Indeed, the State's brief fails to even cite *Rocha*.

Recently, the Texas Court of Criminal Appeals has reaffirmed that an instruction focusing on a particular factor that may render a statement involuntary is an impermissible comment on the weight of the evidence. *Gallo v. State*, 239 S.W.3d 757, 769 (Tex. Crim. App. 2007). A corollary of that proposition applies—an instruction that focuses on a particular factor that may render a statement voluntary is an impermissible comment on the weight of the evidence.

This instruction focuses on a particular factor (taping did not have to be disclosed to Payan) that might help persuade the jury the statement was a voluntary one. The State recognized this instruction was useful in convincing the jury that the statement was a voluntary one when it specifically referred to this instruction during its argument on voluntariness. The additional instruction was an erroneous comment on the weight of the evidence.

## IV. Egregious Harm

Having determined that there was error in the charge, the issue is whether sufficient harm was caused by the error to require a reversal. *See Hutch v. State*, 922 S.W.2d 166, 170–71 (Tex. Crim. App. 1996). The standard to determine whether sufficient harm resulted from the charging error to require reversal depends on whether the appellant objected. *See Olivas v. State*, 202 S.W.3d 137,

6

144 (Tex. Crim. App. 2006) (interpreting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)).

Because Payan did not object at trial to the error in the court's charge, the issue is whether the error created such harm that Payan did not have a fair and impartial trial—in short, that "egregious harm" has occurred. *Abdnor*, 871 S.W.2d at 731–32; *Almanza*, 686 S.W.2d at 171; *see* TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2006); *Hutch*, 922 S.W.2d at 171.

To determine "egregious harm," a reviewing court examines the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole. The appellant must have suffered actual, rather than theoretical, harm. Errors that result in egregious harm are described as those that affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory. *Warner v. State*, Nos. PD-1680-05, PD-1681-05, 2008 WL 375503, at *2 (Tex. Crim. App. Feb. 13, 2008); *see also Hutch*, 922 S.W.2d at 171.

The trial evidence included not only Payan's inculpatory statements, but also the testimony of the two minors, who detailed the sexual crimes, and an outcry witness. There is no claim that the evidence is insufficient to support the verdict of the jury.

Absent the instruction in question, the charge is unexceptional. The application paragraph properly instructs the jury concerning the voluntariness of Payan's statement; it contains no other erroneous or questionable sections and correctly thereafter instructs the jury in applying the criminal

7

statute to the allegations in this case. *Compare Hess v. State*, 224 S.W.3d 511, 515 (Tex. App.—Fort Worth 2007, pet. ref'd). The State did briefly refer to this improper instruction during its jury argument.

Further, there is no other relevant information that indicates Payan suffered egregious harm. Payan argues that his statement played a major role in the jury convicting him. But, it is not the admission of Payan's statement that is at issue, as no challenge is made to its admissibility, but to the additional instruction. There is no evidence to show how Payan's lack of knowledge of the taping affected his decision to speak to the officer. After examining the evidence, the jury charge, arguments of counsel, and relevant information, it does not appear that the trial court's improper emphasis of this particular evidence affected the very basis of the case, deprived Payan of a valuable right, or vitally affected a defensive theory. Egregious harm has not been shown.

We affirm the judgment of the trial court.


Jack Carter
Justice


CONCURRING OPINION

During trial, Payan had made it plain that he (erroneously) believed that if a person has not been previously informed by law enforcement officers that an interview with them is being taped, that lack of forewarning renders the resulting recording inadmissible in the same fashion as an

8

involuntary statement. This issue was the subject of a hearing outside the presence of the jury. At the time the trial court overruled this objection, it noted that Payan's defense counsel could still argue the voluntariness of this statement to the jury.

Because Payan had strenuously advanced this argument during trial, the trial court could reasonably assume that there was a substantial likelihood that Payan would raise this same contention in closing arguments to the jury. (One might assume that this would, indeed, have been done if the trial court had not included an instruction to the jury that a warning to an interviewee that a recording was being made was not a necessary predicate to the admissibility of the recording.) Had that argument been made, the jury could easily have been confused as to appropriate law concerning the voluntariness of the statements contained in the recording.

Article 36.14 of the Texas Code of Criminal Procedure dictates that the trial judge is to deliver the jury a "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007). Trial judges are not automatons; as such, they are not forced to rely solely on printed forms for their instructions to a jury. No form book is going to include paragraphs or instructions pertaining to every possible circumstance in which the application of law to the facts of the case needed to be explained to a jury.

The safer course for a trial court is to remain along the well-traveled path in jury charges because precipices of error yawn on the sides of the regular paths which are trod. However, it is also necessary to provide a jury with the information about the law which it needs to arrive at a proper

9

conclusion. Given the particular circumstances of this case, I believe that the trial court did nothing more than that. The majority has found that the instruction was error, but that the error was harmless; I would find that no error was committed.


Bailey C. Moseley
Justice

Date Submitted:     March 24, 2008
Date Decided:       May 23, 2008

Do Not Publish

10