*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# OPINION

No. 04-07-00618-CR

Jeovany **VARGAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From County Court at Law No. 12, Bexar County, Texas
Trial Court No. 922362
Honorable Michael E. Mery, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:       Alma L. López, Chief Justice
                 Catherine Stone, Justice
                 Karen A. Angelini, Justice
                 Sandee Bryan Marion, Justice
                 Phylis J. Speedlin, Justice
                 Rebecca Simmons, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:    August 27, 2008

AFFIRMED

Appellant Jeovany Vargas was convicted by a jury for the offense of driving while intoxicated and the trial court assessed punishment at one year in the county jail, probated for a term of two years and a $1,000.00 fine. Vargas's sole point on appeal is that the trial court's instruction, that the jury may consider Vargas's refusal to submit to a breath test as evidence against him, was error because it was an improper comment on the weight of evidence. We

agree.  However, because the record fails to show egregious harm, we affirm the judgment of the trial court.

## FACTUAL BACKGROUND

On August 18, 2005, Vargas was stopped by Castle Hills Police Officer Clark Medina for swerving and failing to use a signal when changing lanes.  Upon approaching the vehicle, Officer Medina noted slurred speech, a strong odor of intoxicants, and confusion on the part of Vargas.  After several failed field sobriety tests, Vargas was placed under arrest for suspicion of drunk driving and transported to the Castle Hills police station.  After Officer Medina explained the consequences of refusing to provide a breath sample, Vargas refused.  In accordance with section 724.061 of the Texas Transportation Code, the trial court admitted Vargas's refusal to submit to the breath test into evidence.  Additionally, the trial court's charge instructed the jury: "You are instructed that you may consider the defendant's refusal to submit to a breath test as evidence in this case."  Defense counsel did not lodge an objection to the jury charge.

## JURY INSTRUCTION

Article 36.14 of the Texas Code of Criminal Procedure governs the requirements of the jury charge.  TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007).  Specifically, article 36.14 provides that the trial court shall deliver:

> a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury.

TEX. CODE CRIM. PROC. art. 36.14.

## A.    Application of Texas Transportation Code Section 724.061

Vargas concedes that his refusal to submit to a breath test is admissible evidence, but argues that the trial court may not instruct the jury regarding the defendant's failure to submit to

a breath test. TEX. TRANSP. CODE ANN. § 724.061 (Vernon 1999). Vargas requests this Court overrule its previous holding in *Segura v. State*, No. 04-05-00320-CR, 2006 WL 1748438, at *1 (Tex. App.—San Antonio June 28, 2006, no pet.) and apply the analysis contained in *Hess v. State*, 224 S.W. 3d 511, 515 (Tex. App.—Fort Worth 2007, pet. ref'd). In *Hess*, the court held that such an instruction was error because it singled out specific evidence and unduly emphasized the defendant's refusal to take a breath test while failing to clarify the law.

The jury instruction in the present case, just as in *Segura* and *Hess*, mirrors the language of section 724.061. TEX. TRANSP. CODE ANN. § 724.061 ("a person's refusal . . . to submit to the taking of a specimen of breath or blood . . . may be introduced into evidence at the person's trial."); *Segura*, 2006 WL 1748438 at *1; *Hess*, 224 S.W. 3d at 515. The State argues, when the court's charge tracks the language of the applicable statutes, there is no error in that portion of the charge. *Duffy v. State*, 567 S.W.2d 197, 204 (Tex. Crim. App. 1978).

In *Segura,* this Court determined the identical instruction was not a comment on the weight of the evidence:

> Although the instruction directs the jury's attention to [the defendant's] refusal to submit to a breath test, the instruction does not direct the jury to draw any particular inference from this fact; nor does it tell the jury how [the defendant's] refusal related to the ultimate issue of intoxication. . . . The jury was thus free to draw whatever inference it wanted. By not requiring any particular inference to be drawn, the instruction does not assume the truth of the controverted issue— [the defendant's] intoxication—and is therefore not a comment on the weight of the evidence.

*Segura*, 2006 WL 1748438 at *1. In direct conflict with *Segura*, the *Hess* Court held the same instruction constituted an impermissible comment on the weight of the evidence because it unjustifiably singled out a particular piece of evidence for special attention. *Hess*, 224 S.W.3d at 515 ("[E]ven a seemingly neutral instruction about a particular type of evidence constitutes an impermissible comment on the weight of the evidence."). The Fort Worth appellate court

reasoned that section 724.061 was a tool to assist the trial court in determining the admissibility of certain evidence, it was not a "tool enacted for the benefit of the jury." *Id.*; TEX. TRANSP. CODE ANN. § 724.061. Moreover, by including the instruction in the jury's charge, the trial court drew attention to the defendant's refusal to take the breath test. *Hess*, 224 S.W.3d at 515.

A similar issue over the propriety of instructing the jury on a particular piece of evidence arose in the area of flight following the commission of a crime. Flight is admissible as a circumstance from which an inference of guilt may be drawn. *Foster v. State*, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989). Yet, it is "well settled a jury instruction on flight is improper because it comments on the weight of the evidence." *Santos v. State*, 961 S.W.2d 304, 306 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding "the instruction assumes the existence of flight. Even though the instruction constitutes an accurate statement of the law, it magnifies a particular fact giving unfair emphasis to that fact").

We agree with the reasoning set forth in *Hess*. *Hess*, 224 S.W.3d at 515. The instruction in the present case highlights Vargas's refusal to submit to the breath test and, therefore, amounts to an impermissible comment on the weight of the evidence. We, therefore, explicitly overrule our previous holding in *Segura*. *Segura*, 2006 WL 1748438 at *1. Having found error, we next address harm.

**HARM ANALYSIS**

**A.** *Almanza v. State*

Perhaps relying on our prior opinion in *Segura*, defense counsel failed to object to the charge. Absent an objection, *Almanza* requires the record show a defendant has suffered not only actual harm, but egregious harm resulting from the incorrect charge. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (establishing the proper standard of review for jury

charge error in the absence of an objection to jury charge error). Egregious harm arises if the error is so severe that it deprived the accused of a fair and impartial trial. *Id.* An appellate court considers (1) the entire jury charge, (2) the state of the evidence, (3) the arguments of counsel, and (4) any other relevant information in the record as a whole. *Richardson v. State*, 879 S.W.2d 874, 882 (Tex. Crim. App. 1993); *Almanza*, 686 S.W.2d at 171. Because Vargas's trial counsel failed to object, reversal is only required if Vargas suffered egregious harm from the trial court's error. *Almanza*, 686 S.W.2d at 171.

**B.** **Analysis**

Officer Medina's testimony regarding his observations of Vargas provides a plethora of evidence upon which the jury could have assessed guilt:

(1)     swerving within his own lane;
(2)     a strong smell of intoxicants;
(3)     slurred speech;
(4)     apparent confusion;
(5)     failing two field sobriety tests; and
(6)     refusing to submit to the requested breath test.

Although Vargas asserts that the State improperly argued his failure to submit to the breath test during its closing argument, there is no dispute the evidence was properly admitted before the jury. Proper jury argument includes summation of the evidence presented at trial, reasonable deduction drawn from that evidence, answer to the opposing counsel's argument, and a plea for law enforcement. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). Thus, any comment by the State on Vargas's failure to submit to the breath test was proper jury argument.

Absent any evidence to the contrary, the jury could have assessed Vargas's guilt, beyond a reasonable doubt, based on other evidence presented at trial. *See Brown v. State*, 122 S.W.3d 794, 803-04 (Tex. Crim. App. 2003) (holding that similar instruction was "mild, neutral, and an obvious common-sense proposition" and although error, could not be viewed, "in any sense,

harmful under *Almanza*").  Moreover, the record lacks any evidence that the error was either calculated to injure the rights of the defendant or deprived the defendant of a fair trial.  *See Hess*, 224 S.W.3d at 515; *Almanza,* 686 S.W.2d at 171.  Thus, Vargas failed to prove egregious harm and we affirm the judgment of the trial court.

Rebecca Simmons, Justice

PUBLISH