Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★   ★   ★   ★   ★   ★

**MEMORANDUM OPINION**

No. 04-08-00679-CR

Daniel **LEIJA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 1, Bexar County, Texas
Trial Court No. 968937
Honorable Al Alonso, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Phylis J. Speedlin, Justice

Delivered and Filed:   February 11, 2009

AFFIRMED

Daniel Leija was convicted by a jury for the offense of driving while intoxicated. The trial court's punishment included 180 days in the county jail, probated and suspended for a term of two years, and a $2,000 fine. Leija's only issue on appeal is that the trial court's jury instruction, noting that the jury could consider Leija's refusal to submit to a breath test as evidence against him, was error because it was an improper comment on the weight of evidence. We agree. However, because

Leija failed to object to the instruction during the trial and the record fails to show egregious harm, we affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

San Antonio police officer Gerald Anthony Garcia[1] ("Officer Gerald") was on his way home from work late one night when he observed a vehicle approaching him from behind at a high rate of speed. Officer Gerald's department motorcycle was equipped with a radar unit which indicated the car was traveling at 85 miles per hour. As the vehicle passed Officer Gerald, the vehicle moved over and "cut into" Officer Gerald's lane. The officer testified that he almost dropped his bike because he had to swerve out of the vehicle's way, and that he believed if he was not such an experienced motorcycle driver, he would have been killed that night due to the evasive action he was forced to take. The officer immediately turned on his lights, but the vehicle did not respond. Officer Gerald caught up with the driver, Daniel Leija, whom he observed to be dazed and confused. The officer signaled the driver to pull over, which he did. As he approached the vehicle's open window, Officer Gerald observed a strong smell of intoxicants coming from Leija. Because Officer Gerald was off-duty and therefore unable to write traffic citations, he notified dispatch to send another officer to handle the call.

San Antonio police officer John Garcia ("Officer John") responded to the dispatch. He approached the vehicle and shined a flashlight into the back seat of the car, where he observed a brown bag with a clear bottle partially underneath the passenger front seat. Officer John observed

---

[1] Because two of the officers involved in this incident have the surname Garcia, we will refer to them by their first names.

that Leija smelled of intoxicants and had glassy, bloodshot eyes. Officer John conducted two field sobriety tests on Leija, both of which he failed. Officer John arrested Leija and transported him to the police station. Leija refused to give a breath or blood sample, or to perform sobriety tests in the video room.

In accordance with section 724.061 of the Texas Transportation Code, the trial court admitted into evidence Leija's refusal to submit to the breath test. Additionally, the court's jury charge stated: "You are instructed that you may consider the defendant's refusal to submit to a breath test as evidence in this case." Leija did not object to the jury charge. He now appeals his conviction.

## IMPROPER JURY INSTRUCTION

Leija concedes that his refusal to submit to a breath test is admissible evidence, but argues that the trial court may not instruct the jury regarding his failure to submit to a breath test, as it is an impermissible comment on the weight of the evidence. *See* TEX. TRANSP. CODE ANN. § 724.061 (Vernon 1999). Leija points to a recent opinion by this court, *Vargas v. State*, No. 04-07-00618-CR, 2008 WL 3926390 (Tex. App.—San Antonio Aug. 27, 2008, no pet.), in which we held that the inclusion of such an instruction amounted to an impermissible comment on the weight of the evidence. *Id.* at *2. The State concedes that the jury instruction submitted to the jury was improper. Because the jury was improperly charged by the court, we must address whether the error resulted in egregious harm to Leija.

### HARM ANALYSIS

Leija did not object to the jury instruction at trial. Absent an objection, reversible error exists only if the record shows a defendant has suffered not only actual harm, but egregious harm resulting from the incorrect charge. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (establishing the proper standard of review for jury charge error in the absence of an objection to jury charge). Egregious harm arises if the error is so severe that it deprived the accused of a fair and impartial trial. *Id.* In determining whether egregious harms exists, we consider the following factors: (1) the entire jury charge; (2) the state of the evidence; (3) the arguments of counsel; and (4) any other relevant information in the record as a whole. *Richardson v. State,* 879 S.W.2d 874, 882 (Tex. Crim. App. 1993); *Almanza,* 686 S.W.2d at 171.

In support of his claim that the jury instruction resulted in egregious harm, Leija argues that the placement of the instruction, in a paragraph by itself and sandwiched between allegedly conflicting instructions about inadmissible evidence, likely confused the jurors. He also contends the impact of the erroneous instruction was all the more harmful in light of the State's evidence, which consisted solely of officers' testimony, and claims the instruction bolstered the credibility of Officer Gerald and Officer John. Leija also challenges the testimony of Officer Johnny Ruiz, who told the jury that while no one is forced to submit to further field sobriety tests on camera, had Leija chosen to he could have proven he was not intoxicated—intimating to the jury that because of his refusal to take the test, he must have been intoxicated. Leija also contends testimony concerning his interaction with Officer Ruiz should not have been allowed, as it was post-arrest, and testimony commenting upon post-arrest silence is improper. Finally, Leija argues that on several occasions the

State elicited answers in such a manner that they shifted the burden to Leija, and made comments during objections or while addressing the trial court that shifted the burden of proof to Leija.

These specific arguments raised by Leija on appeal were never presented to the trial court. Because these issues were not preserved, they cannot be considered as discrete points of error. *See* TEX. R. APP. P. 33.1(a) (requiring "a timely, specific objection and a ruling by the trial court" to preserve a complaint for appellate review). Taken in the context of Leija's jury charge challenge, none of these arguments persuade us that egregious harm is present in this case. During the course of the trial, the jury was presented with the following evidence upon which it could have assessed guilt:  (1) Leija cut off Officer Gerald on his motorcycle, almost causing an accident; (2) Leija did not immediately pull over when he observed Officer Gerald's lights; (3) both officers observed a strong smell of intoxicants coming from Leija; (4) Leija appeared dazed and confused; (5) Leija had glassy, bloodshot eyes; (6) an open bottle of rum was found in Leija's car; (7) Leija failed two field sobriety tests; and (8) Leija refused to submit to the requested breath test and videoed sobriety tests. Based on this evidence, the jury could have found Leija guilty beyond a reasonable doubt.

Leija also asserts that the State improperly argued about his failure to submit to the breath test during its closing argument.  However, proper jury argument includes summation of the evidence presented at trial, reasonable deduction drawn from that evidence, answer to the opposing counsel's argument, and a plea for law enforcement. *Jackson v. State,* 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). Thus, any comment by the State on Leija's failure to submit to the breath test, including the deduction that his reason for refusing to take the test was that Leija was intoxicated, was proper jury argument. *See id.*

Absent any evidence to the contrary, the jury could have assessed Leija's guilt, beyond a reasonable doubt, based on other evidence presented at trial. *See Brown v. State,* 122 S.W.3d 794, 803-04 (Tex. Crim. App. 2003). Moreover, the record lacks any evidence that the error was either calculated to injure the rights of the defendant or deprive the defendant of a fair trial. *See Almanza,* 686 S.W.2d at 171; *Hess v. State,* 224 S.W.3d 511, 515 (Tex. App.—Fort Worth 2007, pet. ref'd). Thus, Leija failed to prove egregious harm, and his issue is overruled.

## CONCLUSION

Leija has failed to prove the State's erroneous jury instruction resulted in egregious harm. Accordingly, we affirm the judgment of the trial court.

Catherine Stone, Chief Justice

Do Not Publish