

## NUMBER 13-06-00344-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **ROY BOB BARTLETT,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 36th District Court
### of Aransas County, Texas.

## MEMORANDUM OPINION ON REMAND

### Before Chief Justice Valdez and Justices Benavides and Vela
### Memorandum Opinion on Remand by Chief Justice Valdez

This case is before us on remand from the Texas Court of Criminal Appeals. *See Bartlett v. State*, 270 S.W.3d 147 (Tex. Crim. App. 2008). A jury found appellant, Roy Bob Bartlett, guilty of the offense of driving while intoxicated, a third-degree felony in this case because of prior convictions for the same offense. *See* TEX. PENAL CODE ANN. §§ 49.04 (Vernon 2003); *id.* 49.09 (Vernon Supp. 2008). The trial court assessed punishment at five

years' confinement suspended by probation for a period of five years. By a single issue, Bartlett asserted that the trial court's jury charge impermissibly commented on the weight of the evidence by instructing the jury that it was permitted to consider the fact that Bartlett had refused to submit to a breath test. On original submission, this Court held that the jury charge was proper and that no error had occurred. *Bartlett v. State*, No. 13-06-00344-CR, 2007 WL 2417367, at *2 (Tex. App.–Corpus Christi Aug. 28, 2007) (mem. op., not designated for publication), *rev'd*, 270 S.W.3d 147 (Tex. Crim. App. 2008). The court of criminal appeals granted Bartlett's petition for discretionary review and concluded that "an instruction to the jury with respect to the admissibility of a defendant's refusal to take a breath test constitutes an improper comment on the weight of the evidence." *Bartlett*, 270 S.W.3d at 152. Accordingly, the court reversed and remanded, directing us to conduct a harm analysis. *Id.* at 154. We affirm.

## I. BACKGROUND

During the early morning hours of August 7, 2007, Officer Lester Keener observed a vehicle traveling northbound on Fulton Beach Road, at a rate above the posted 25 mile-per-hour speed limit. Officer Keener activated his overhead lights and initiated a stop. The vehicle slowed to a rate of 10 miles per hour and moved off the roadway. Officer Keener observed the vehicle's "right tires clip[] a yard" before the vehicle came to a "precarious stop" with the vehicle "tilting to the left" on top of a mound of dirt.

Officer Keener approached the vehicle and spoke to Bartlett, the driver. After smelling alcohol coming from the vehicle, Officer Keener asked Bartlett to step out of the vehicle. Bartlett complied and walked to the back of the vehicle. Officer Keener noticed that Bartlett's eyes were "bloodshot" and "droopy," his balance was poor, and his speech was slurred. Bartlett admitted that he had consumed "a couple of beers." Suspecting that

2

Bartlett was intoxicated, Officer Keener requested that Bartlett take a field sobriety test. Bartlett refused to perform any sobriety tests without the presence of counsel. Officer Keener next asked Bartlett to take a breath test; Bartlett refused. Bartlett was arrested for the offense of driving while intoxicated.

At trial, the State presented Officer Keener's testimony, and Bartlett presented no evidence. The trial court, over Bartlett's objection, charged the jury as follows:

> You are instructed that where a defendant is accused of violating Chapter 49.04, Texas Penal Code, it is permissible for the prosecution to offer evidence that the defendant was offered and refused a breath test, providing that he has first been made aware of the nature of the test and its purpose. A Defendant under arrest for this offense shall be deemed to have given consent to a chemical test of his breath for the purpose of determining the alcoholic content of his blood.
>
> The prosecution asks you to infer that the defendant's refusal to take the test is a circumstance tending to prove consciousness of guilt. The defense asks you to reject the inference urged by the prosecution and to conclude that because of the circumstances existing at the time of the defendant's refusal to take such test, you should not infer a consciousness of guilt.
>
> The fact that such test was refused is not sufficient, standing alone, and by itself, to establish the guilt of the Defendant, but is a fact which, if proven, may be considered by you in the light of all other proven facts in deciding the question of guilt or innocence. Whether or not the Defendant's refusal to take the test shows a consciousness of guilt, and the significance to be attached to his refusal, are matters for your determination.

Upon review, the Texas Court of Criminal Appeals analogized the present case with *Hess v. State*, 224 S.W.3d 511 (Tex. App.–Fort Worth 2007, pet. ref'd), a case in which the Fort Worth Court of Appeals "held that an instruction regarding the use of evidence of a refusal to take a breath test constitutes an impermissible comment on the weight of the evidence because it singles out a particular item of evidence." *Bartlett*, 270 S.W.3d at 152. In agreement with *Hess*, the court of criminal appeals reversed and remanded. *Id.* at 154. On remand, we determine whether the trial court's instruction caused harm sufficient to

warrant reversal.  *See Hutch v. State*, 922 S.W.2d 166, 170-71 (Tex. Crim. App. 1996).

## II. HARM ANALYSIS

### A.    Standard of Review

Because Bartlett objected to the jury charge, reversal is warranted if the erroneous instruction caused him to suffer "some harm." *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App.1994); *Hess*, 224 S.W.3d at 516.  "In other words, a properly preserved error will require reversal as long as the error is not harmless." *Hess*, 224 S.W.3d at 516 (citing *Almanza v. State*,  686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)).  Neither party bears the burden of proving that the defendant suffered harm. *Warner v. State*, 245 S.W.3d 458, 464 (Tex. Crim. App. 2008).  In assessing whether the instruction caused harm, we consider (1) the charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the record.  *Hutch*, 922 S.W.2d at 171.

### B.    Analysis

In *Hess*, the Fort Worth Court of Appeals held that the trial court erred by instructing the jury that it "may consider the Defendant's refusal to submit to a breath test as evidence in [the determination of guilt for the offense of driving while intoxicated]." *Hess*, 224 S.W.3d at 514-15. However, after conducting a harm analysis the court held that, although improper, the instruction was not harmful to the defendant.  *Id.* at 517.  Similarly, after reviewing the entire jury charge, the state of the evidence, and the arguments of counsel, we conclude that the trial court's erroneous instruction was harmless.

*1. Jury Charge*

Bartlett contends that he was harmed by the trial court's instruction because

4

including the phrase "consciousness of guilt" in the charge "disrupted the jury's ability to orderly evaluate all of the evidence." Bartlett also argues that harm exists because the trial court instructed the jury that they could infer consciousness of guilt from his refusal to submit to the breath test. The consciousness of guilt instruction summarizes the argument made by both Bartlett and the State. Although such a summation is erroneous because it is an improper comment on the weight of the evidence, the effect of the instruction is neutral "because it expressly left the jury free *either* to draw an inference of consciousness of guilt *or not* . . . ." *Bartlett*, 270 S.W.3d at 154 (emphasis in original).

Moreover, although the complained-of portion of the jury charge was erroneous, the jury charge contains no other erroneous sections. The application paragraph instructs the jury to find Bartlett guilty "if you find from the evidence beyond a reasonable doubt that on or about the 7th day of August, 2005, in Aransas County, Texas, the defendant, Roy Bob Bartlett, did then and there drive or operate a motor vehicle in a public place . . . while intoxicated . . . ." *See* TEX. PENAL CODE ANN. § 49.04. The charge then provides that "if you have a reasonable doubt . . . you will acquit the defendant of the felony offense alleged in the indictment, and say by your verdict 'not guilty.'" The charge also places the burden on the State: "The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant." Because we assume the jury followed the trial court's reasonable doubt instruction, we cannot conclude that the erroneous instruction regarding Bartlett's refusal to submit to a breath test reduced the State's burden of proof. *See Hess*, 224 S.W.3d at 516 (citing *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998)).

   *2. State of the Evidence*

5

Bartlett contends that "[b]y calling the jury's attention to Bartlett's refusal to take the breath test . . . the jury was presented with a smoking gun, which could serve to the jury as a tie-breaker in this case should the other evidence adduced fail to convince them beyond a reasonable doubt."

Officer Keener testified that (1) Bartlett was driving in excess of the posted 25 mile-per-hour speed, (2) Bartlett's tires "clipped a yard" when he pulled off the roadway, (3) Bartlett came to a "precarious stop" on top of a mound of dirt, (4) the smell of alcohol emanated from the vehicle driven by Bartlett, (5) Bartlett's eyes were "bloodshot" and "droopy," (6) Bartlett's balance was poor, (7) Bartlett's speech was slurred, and (8) Bartlett admitted that he had consumed "a couple of beers." Officer Keener also testified that Bartlett "bumped into" the side of the truck as he exited and walked to the back for questioning. The jury was allowed to view the videotape of Bartlett's arrest; the videotape did not show Bartlett "bump" into the vehicle. However, given the weight of the evidence presented by the State, we cannot conclude that the court's instruction caused Bartlett harm. *See Hess*, 224 S.W.3d at 516.

*3. Arguments of Counsel*

Bartlett also contends that he was harmed by the erroneous instruction because it possibly caused the jurors to discuss the lack of breath test evidence in this case, thereby "creat[ing] a discussion amongst the jurors . . . which would not have been present in their deliberations" had the trial court given a proper instruction. In light of the arguments presented by both Bartlett and the State, we cannot conclude that the erroneous instruction caused the jurors to discuss something that otherwise would not have been discussed.

During the State's direct examination of Officer Keener, evidence that Bartlett refused to submit to a breath test was admitted without objection. During cross-

6

examination, Bartlett's counsel also focused on Bartlett's refusal to take the breath test:

| [Bartlett's Counsel]: | [Bartlett] asked for an attorney when you wanted to do the field sobriety tests and then later on he refused to take the breath test, right? |
|---|---|
| [Officer Keener]: | Correct. |
| [Bartlett's Counsel]: | Both of which, as you know, you cannot force a person to take a breath test, can you? |
| [Officer Keener]: | You cannot. |
| [Bartlett's Counsel]: | It is not against the law, it is not a crime to refuse to take a breath test, is it? |
| [Officer Keener]: | It's not a crime. |

In light of the argument provided by both the State and defense counsel regarding properly admitted evidence, arguments of counsel, not the trial court's erroneous instruction, focused the jury's attention on the refused breath test. *See id.* at 517 (noting that "the jury did not need any judicial instruction to focus its attention on the refused test. Rather, the advocates quite competently did so on their own."). Moreover, although the State referred to Bartlett's refusal during closing, it "did not emphasize the court's instruction, focus the jury's attention on that instruction, or exploit the instruction by placing the weight of the trial court behind it." *See id.*

After reviewing the entire jury charge, the state of the evidence, and the arguments of counsel, we hold that the trial court's instruction was harmless. *See id.* Accordingly, we overrule Bartlett's sole issue on remand.

### III. Conclusion

Because we have determined that the trial court's jury charge error was harmless,

we affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do Not Publish. TEX. R. APP. P. 47.2(b)
Memorandum Opinion on Remand delivered
and filed this the 28th day of August, 2009.