NUMBER 13-06-00344-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ROY BOB BARTLETT, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court

 of Aransas County, Texas.

 

MEMORANDUM OPINION ON REMAND

Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion on Remand by Chief Justice Valdez
 This case is before us on remand from the Texas Court of Criminal Appeals. See
Bartlett v. State, 270 S.W.3d 147 (Tex. Crim. App. 2008). A jury found appellant, Roy Bob
Bartlett, guilty of the offense of driving while intoxicated, a third-degree felony in this case
because of prior convictions for the same offense. See Tex. Penal Code Ann. §§ 49.04
(Vernon 2003); id. 49.09 (Vernon Supp. 2008). The trial court assessed punishment at five
years' confinement suspended by probation for a period of five years. By a single issue,
Bartlett asserted that the trial court's jury charge impermissibly commented on the weight
of the evidence by instructing the jury that it was permitted to consider the fact that Bartlett
had refused to submit to a breath test. On original submission, this Court held that the jury
charge was proper and that no error had occurred. Bartlett v. State, No. 13-06-00344-CR,
2007 WL 2417367, at *2 (Tex. App.-Corpus Christi Aug. 28, 2007) (mem. op., not
designated for publication), rev'd, 270 S.W.3d 147 (Tex. Crim. App. 2008). The court of
criminal appeals granted Bartlett's petition for discretionary review and concluded that "an
instruction to the jury with respect to the admissibility of a defendant's refusal to take a
breath test constitutes an improper comment on the weight of the evidence." Bartlett, 270
S.W.3d at 152. Accordingly, the court reversed and remanded, directing us to conduct a
harm analysis. Id. at 154. We affirm.

I. Background

 During the early morning hours of August 7, 2007, Officer Lester Keener observed
a vehicle traveling northbound on Fulton Beach Road, at a rate above the posted 25 mile-per-hour speed limit. Officer Keener activated his overhead lights and initiated a stop. The
vehicle slowed to a rate of 10 miles per hour and moved off the roadway. Officer Keener
observed the vehicle's "right tires clip[] a yard" before the vehicle came to a "precarious
stop" with the vehicle "tilting to the left" on top of a mound of dirt.

 Officer Keener approached the vehicle and spoke to Bartlett, the driver. After
smelling alcohol coming from the vehicle, Officer Keener asked Bartlett to step out of the
vehicle. Bartlett complied and walked to the back of the vehicle. Officer Keener noticed
that Bartlett's eyes were "bloodshot" and "droopy," his balance was poor, and his speech
was slurred. Bartlett admitted that he had consumed "a couple of beers." Suspecting that
Bartlett was intoxicated, Officer Keener requested that Bartlett take a field sobriety test. 
Bartlett refused to perform any sobriety tests without the presence of counsel. Officer
Keener next asked Bartlett to take a breath test; Bartlett refused. Bartlett was arrested for
the offense of driving while intoxicated. 

 At trial, the State presented Officer Keener's testimony, and Bartlett presented no
evidence. The trial court, over Bartlett's objection, charged the jury as follows:

 You are instructed that where a defendant is accused of violating
Chapter 49.04, Texas Penal Code, it is permissible for the prosecution to
offer evidence that the defendant was offered and refused a breath test,
providing that he has first been made aware of the nature of the test and its
purpose. A Defendant under arrest for this offense shall be deemed to have
given consent to a chemical test of his breath for the purpose of determining
the alcoholic content of his blood.


 The prosecution asks you to infer that the defendant's refusal to take
the test is a circumstance tending to prove consciousness of guilt. The
defense asks you to reject the inference urged by the prosecution and to
conclude that because of the circumstances existing at the time of the
defendant's refusal to take such test, you should not infer a consciousness
of guilt.


 The fact that such test was refused is not sufficient, standing alone,
and by itself, to establish the guilt of the Defendant, but is a fact which, if
proven, may be considered by you in the light of all other proven facts in
deciding the question of guilt or innocence. Whether or not the Defendant's
refusal to take the test shows a consciousness of guilt, and the significance
to be attached to his refusal, are matters for your determination.


Upon review, the Texas Court of Criminal Appeals analogized the present case with Hess
v. State, 224 S.W.3d 511 (Tex. App.-Fort Worth 2007, pet. ref'd), a case in which the Fort
Worth Court of Appeals "held that an instruction regarding the use of evidence of a refusal
to take a breath test constitutes an impermissible comment on the weight of the evidence
because it singles out a particular item of evidence." Bartlett, 270 S.W.3d at 152. In
agreement with Hess, the court of criminal appeals reversed and remanded. Id. at 154. 
On remand, we determine whether the trial court's instruction caused harm sufficient to
warrant reversal. See Hutch v. State, 922 S.W.2d 166, 170-71 (Tex. Crim. App. 1996).

II. Harm Analysis

A. Standard of Review

 Because Bartlett objected to the jury charge, reversal is warranted if the erroneous
instruction caused him to suffer "some harm." Abdnor v. State, 871 S.W.2d 726, 732 (Tex.
Crim. App.1994); Hess, 224 S.W.3d at 516. "In other words, a properly preserved error
will require reversal as long as the error is not harmless." Hess, 224 S.W.3d at 516 (citing
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). Neither
party bears the burden of proving that the defendant suffered harm. Warner v. State, 245
S.W.3d 458, 464 (Tex. Crim. App. 2008). In assessing whether the instruction caused
harm, we consider (1) the charge; (2) the state of the evidence, including contested issues
and the weight of the probative evidence; (3) arguments of counsel; and (4) any other
relevant information revealed by the record. Hutch, 922 S.W.2d at 171. 

B. Analysis

 In Hess, the Fort Worth Court of Appeals held that the trial court erred by instructing
the jury that it "may consider the Defendant's refusal to submit to a breath test as evidence
in [the determination of guilt for the offense of driving while intoxicated]." Hess, 224
S.W.3d at 514-15. However, after conducting a harm analysis the court held that, although
improper, the instruction was not harmful to the defendant. Id. at 517. Similarly, after
reviewing the entire jury charge, the state of the evidence, and the arguments of counsel,
we conclude that the trial court's erroneous instruction was harmless. 

 1. Jury Charge

 Bartlett contends that he was harmed by the trial court's instruction because 
including the phrase "consciousness of guilt" in the charge "disrupted the jury's ability to
orderly evaluate all of the evidence." Bartlett also argues that harm exists because the trial
court instructed the jury that they could infer consciousness of guilt from his refusal to
submit to the breath test. The consciousness of guilt instruction summarizes the argument
made by both Bartlett and the State. Although such a summation is erroneous because
it is an improper comment on the weight of the evidence, the effect of the instruction is
neutral "because it expressly left the jury free either to draw an inference of consciousness
of guilt or not . . . ." Bartlett, 270 S.W.3d at 154 (emphasis in original). 

 Moreover, although the complained-of portion of the jury charge was erroneous, the
jury charge contains no other erroneous sections. The application paragraph instructs the
jury to find Bartlett guilty "if you find from the evidence beyond a reasonable doubt that on
or about the 7th day of August, 2005, in Aransas County, Texas, the defendant, Roy Bob
Bartlett, did then and there drive or operate a motor vehicle in a public place . . . while
intoxicated . . . ." See Tex. Penal Code Ann. § 49.04. The charge then provides that "if
you have a reasonable doubt . . . you will acquit the defendant of the felony offense alleged
in the indictment, and say by your verdict 'not guilty.'" The charge also places the burden
on the State: "The prosecution has the burden of proving the defendant guilty and it must
do so by proving each and every element of the offense charged beyond a reasonable
doubt and if it fails to do so, you must acquit the defendant." Because we assume the jury
followed the trial court's reasonable doubt instruction, we cannot conclude that the
erroneous instruction regarding Bartlett's refusal to submit to a breath test reduced the
State's burden of proof. See Hess, 224 S.W.3d at 516 (citing Colburn v. State, 966
S.W.2d 511, 520 (Tex. Crim. App. 1998)).

 2. State of the Evidence

 Bartlett contends that "[b]y calling the jury's attention to Bartlett's refusal to take the
breath test . . . the jury was presented with a smoking gun, which could serve to the jury
as a tie-breaker in this case should the other evidence adduced fail to convince them
beyond a reasonable doubt." 

 Officer Keener testified that (1) Bartlett was driving in excess of the posted 25 mile-per-hour speed, (2) Bartlett's tires "clipped a yard" when he pulled off the roadway, (3)
Bartlett came to a "precarious stop" on top of a mound of dirt, (4) the smell of alcohol
emanated from the vehicle driven by Bartlett, (5) Bartlett's eyes were "bloodshot" and
"droopy," (6) Bartlett's balance was poor, (7) Bartlett's speech was slurred, and (8) Bartlett
admitted that he had consumed "a couple of beers." Officer Keener also testified that
Bartlett "bumped into" the side of the truck as he exited and walked to the back for
questioning. The jury was allowed to view the videotape of Bartlett's arrest; the videotape
did not show Bartlett "bump" into the vehicle. However, given the weight of the evidence
presented by the State, we cannot conclude that the court's instruction caused Bartlett
harm. See Hess, 224 S.W.3d at 516.

 3. Arguments of Counsel 

 Bartlett also contends that he was harmed by the erroneous instruction because it
possibly caused the jurors to discuss the lack of breath test evidence in this case, thereby
"creat[ing] a discussion amongst the jurors . . . which would not have been present in their
deliberations" had the trial court given a proper instruction. In light of the arguments
presented by both Bartlett and the State, we cannot conclude that the erroneous instruction
caused the jurors to discuss something that otherwise would not have been discussed. 

 During the State's direct examination of Officer Keener, evidence that Bartlett
refused to submit to a breath test was admitted without objection. During cross-examination, Bartlett's counsel also focused on Bartlett's refusal to take the breath test:

[Bartlett's Counsel]: [Bartlett] asked for an attorney when you wanted
to do the field sobriety tests and then later on he
refused to take the breath test, right?


[Officer Keener]: Correct.


[Bartlett's Counsel]: Both of which, as you know, you cannot force a
person to take a breath test, can you?


[Officer Keener]: You cannot.


[Bartlett's Counsel]: It is not against the law, it is not a crime to refuse
to take a breath test, is it?


[Officer Keener]: It's not a crime.


 In light of the argument provided by both the State and defense counsel regarding
properly admitted evidence, arguments of counsel, not the trial court's erroneous
instruction, focused the jury's attention on the refused breath test. See id. at 517 (noting
that "the jury did not need any judicial instruction to focus its attention on the refused test. 
Rather, the advocates quite competently did so on their own."). Moreover, although the
State referred to Bartlett's refusal during closing, it "did not emphasize the court's
instruction, focus the jury's attention on that instruction, or exploit the instruction by placing
the weight of the trial court behind it." See id. 

 After reviewing the entire jury charge, the state of the evidence, and the arguments
of counsel, we hold that the trial court's instruction was harmless. See id. Accordingly, we
overrule Bartlett's sole issue on remand.III. Conclusion

 Because we have determined that the trial court's jury charge error was harmless, 



we affirm the trial court's judgment.

 ________________________

 ROGELIO VALDEZ

 Chief Justice

 

Do Not Publish. Tex. R. App. P. 47.2(b)

Memorandum Opinion on Remand delivered

and filed this the 28th day of August, 2009.