NO. 07-10-00333-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 13, 2012

_____

BRYAN MATTHEW CAMPBELL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF PARMER COUNTY;

NO. 11090; HONORABLE BONNIE JEAN CLAYTON-HEALD, JUDGE

_____

Before CAMPBELL and PIRTLE, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Bryan Matthew Campbell appeals from his jury conviction of the misdemeanor offense of driving while intoxicated and the resulting sentence of 120 days in jail, probated for twelve months, and a fine of $700.00. Through five issues, appellant contends the trial court reversibly erred. We will affirm.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Background

An information charged appellant with driving and operating "a motor vehicle in a public place, to-wit: near intersection of CR B and FM 214, Parmer County, Texas, when the defendant did not have the normal use of defendant's mental and physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body."

After a not-guilty plea, the State produced the testimony of a state game warden and a Department of Public Safety trooper. The game warden testified he and another warden were patrolling for "night hunters"[2] about 11 p.m. on November 20, 2009. He saw a vehicle driving "erratically" and watched it for ten or fifteen minutes. He then saw the car disregard a stop sign where the county road entered the highway. The car fishtailed and one of its wheels came up off the ground. The warden stopped the car and identified the driver as appellant. Four minors were passengers. The warden testified he could smell alcohol and appellant told the warden he had consumed three beers that night. Appellant behaved belligerently toward the warden, and he formed the opinion appellant was intoxicated. The warden called DPS to handle the remainder of the DWI investigation.

The DPS trooper arrived some thirty-eight minutes after the warden stopped appellant. He testified that while talking with appellant, he noticed appellant's eyes were glassy and detected the odor of an alcoholic beverage on appellant's breath. Appellant also told the trooper he had drunk three beers. The trooper performed three

---

[2] The warden explained that game laws prohibit hunting deer at night.

field sobriety tests and noted clues of intoxication on each. He told the jury that appellant was intoxicated, in his opinion.

The jury was shown a digital recording of the administration of the field sobriety tests, taken from the camera mounted on the dashboard of the DPS vehicle. The trooper placed appellant under arrest for DWI. Appellant refused to take a portable breath test and later refused to submit to an intoxilyzer test.

The jury found appellant guilty as charged in the information and punishment was assessed as noted. This appeal followed.

Analysis

Sufficiency of the Evidence

In appellant's first issue, he challenges the sufficiency of the evidence to show he operated a motor vehicle in a public place while intoxicated by not having the normal use of his mental or physical faculties.

We evaluate the sufficiency of evidence supporting criminal convictions under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010) (plurality opinion). That standard requires that we view all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex.Crim.App. 2005). The standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the

3

evidence, and to draw reasonable inferences from basic facts to ultimate facts."
*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

To establish the offense of driving while intoxicated, the State must prove the defendant was intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (West Supp. 2011); *Stoutner v. State*, 36 S.W.3d 716, 721 (Tex.App.--Houston [1st Dist.] 2001, pet. ref'd). The Penal Code defines "intoxicated" as (1) "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body," or (2) "having an alcohol concentration of 0.08 or more." Tex. Penal Code Ann. § 49.01(2) (West 2011).

Appellant initially challenges the evidence supporting the jury's finding that appellant had lost the normal use of mental or physical faculties by reason of the introduction of alcohol.  Tex. Penal Code Ann. § 49.01(2) (West 2011); *Rios v. State,* No. 07-09-00259-CR, 2010 Tex.App. LEXIS 8146 (Tex.App.—Amarillo Oct. 6, 2010, no pet.) (mem. op., not designated for publication).  He first contends that the game warden's observations were insufficient to authorize the jury to find appellant was intoxicated.  He then argues that even if the field sobriety tests administered by the DPS trooper demonstrated he was intoxicated at the time they were administered, the lapse of time between his driving and the administration of the tests renders the evidence he drove while intoxicated insufficient.

At the outset we note that appellant's argument suggests to us a wrong view of our task when evaluating the sufficiency of the evidence.  We do not evaluate the evidence piecemeal.  The *Jackson v. Virginia* standard requires that we consider "*all* of the evidence in the light most favorable to the verdict."  443 U.S. at 319 (emphasis ours).  The sufficiency of the warden's testimony is not to be evaluated alone, nor that of the trooper.  *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007) (not required that each fact point "directly and independently" to guilt if "cumulative force of all the incriminating circumstances is sufficient to support the conviction").  Moreover, juries are permitted to draw reasonable inferences from evidence presented at trial.  *Hooper*, 214 S.W.3d at 14, *citing Jackson*, 443 U.S. at 318-19.

Appellant accurately notes that the law requires a temporal link between the defendant's driving and his intoxication.  *See, e.g., Stoutner v. State*, 36 S.W.3d at 721.  The temporal link is thoroughly established by this record.[3]  As noted, the trooper arrived some thirty-eight minutes after the warden conducted the traffic stop.  He conducted the field sobriety tests within a few minutes of his arrival.  The events were recorded by video from the time the trooper arrived.  The evidence gave the jury an informed basis to determine the relationship between appellant's driving and his asserted intoxication.  *Stoutner*, 36 S.W.3d at 721.  Appellant cites no authority for his

---

[3] The facts of this case thus are to be distinguished from those of two of the cases appellant cites in connection with the link between driving and intoxication, *Kennemur v. State*, 280 S.W.3d 305, 314 (Tex.App.—Amarillo 2008, pet. ref'd) and *Zavala v. State*, 89 S.W.3d 134, 138 (Tex.App.—Corpus Christi 2002, no pet.).  Both those cases are accident cases in which the precise time of the accident, and thus the driving, was not established.

contention the approximate forty-five minute delay between traffic stop and field sobriety tests renders the evidence insufficient, and we disagree with the contention.

Appellant effectively cross examined the warden, weakening his testimony before the jury, and not all of appellant's behavior after the traffic stop indicated intoxication. On cross examination, the warden could not identify precisely which mental or physical faculty he considered appellant was lacking during their encounter, and acknowledged that erratic driving is not necessarily an indicator of intoxication. The trooper similarly made concessions under appellant's effective cross examination, acknowledging that factors other than intoxication could explain appellant's performance on the sobriety tests. However, the jury as trier of fact was the sole judge of the credibility of the witnesses and the weight to be given the testimony. *Cain v. State,* 958 S.W.2d 404, 407-409 (Tex.Crim.App. 1997). It was free to accept or reject all or any part of any witness's testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App. 1986).

Both the warden and the trooper opined that appellant was intoxicated. *See Annis v. State,* 578 S.W.2d 406, 407 (Tex.Crim.App. 1979) (officer's opinion testimony defendant was intoxicated sufficient to establish intoxication); *Henderson v. State,* 29 S.W.3d 616, 622 (Tex.App.—Houston [1st Dist.] 2000, pet. ref'd) (same). The warden testified to appellant's erratic driving, speeding and fishtailing, the smell of alcohol, his admission of consumption of three beers, and his belligerent behavior. The trooper testified he noticed the smell of alcohol, appellant told him he drank three beers, appellant had glassy eyes and performed poorly on each of the administered field sobriety tests. The jury saw and heard appellant tell the officers, "Can't do it, man" as he

attempted the one-legged stand. The video also shows appellant stumbled as he completed the walk and turn test. Finally, as noted, the jury heard appellant refuse to submit to breath or intoxilyzer tests, which under our law it could consider as evidence of guilt. *Gaddis v. State,* 753 S.W.2d 396, 399 (Tex.Crim.App. 1988). Viewed in the light most favorable to the verdict, the evidence permitted rational jurors to find appellant was driving without the normal use of his mental or physical faculties.

Appellant next challenges the sufficiency of the evidence that he operated a motor vehicle in a public place. He couches this aspect of his sufficiency challenge as an assertion there was a material variance between the charging instrument, jury charge, and the evidence presented. The jury charge tracked the information, stating the allegation that appellant operated a motor vehicle "in a public place, to-wit: near intersection of CR B and FM 214, Parmer County, Texas." Appellant accurately asserts that no testimony mentioned a county road "B." The warden testified he saw appellant's vehicle driving on "County Road 13 in Parmer County" and he failed to obey the stop sign "at the paved road."

Although appellant correctly cites *Gollihar v. State,* 46 S.W.3d 243 (Tex.Crim.App. 2001), as the foundational case law for analysis of variances between charging instrument and proof, the other cases he cites predate *Gollihar* and rely ultimately on *Burrell v. State*, 526 S.W.2d 799 (Tex.Crim.App. 1975). Appellant properly acknowledges the information would adequately have alleged the offense of DWI by stating he operated the vehicle in a public place in Parmer County, without the

7

additional specific allegation the location was "near intersection of CR B and FM 214."[4]

He argues, though, that having included the descriptive language of the specific setting of the offense in the information, the State was obligated to prove it because it "describe[d] an essential element of the offense." That assertion is a statement of the "*Burrell* exception" the Court of Criminal Appeals abandoned in *Gollihar*. 46 S.W.3d at 250, 256-57.

In its two very recent opinions involving variance law, the Court of Criminal Appeals made clear that the State's failure to prove the statutory elements it has chosen to allege cannot be an immaterial variance, *Cada v. State,* 334 S.W.3d 766, 776 (Tex.Crim.App. 2011), and that in a prosecution for theft, the State's failure to connect the person it plead as the property's owner to the property in any way is a failure of proof requiring acquittal, not an immaterial variance. *Byrd v. State*, 336 S.W.3d 242, 257-58 (Tex.Crim.App. 2011). Neither case suggests the proof of County Road 13 as the location of appellant's driving in Parmer County rather than CR B is anything but an immaterial variance under *Gollihar*. Appellant does not contend the information gave him insufficient notice of the offense with which he was charged, or that there is risk he later will be prosecuted for driving on CR B while intoxicated. *See Byrd*, 336 S.W.3d at 248; *Gollihar*, 46 S.W.3d at 257 (both describing material variance between charging instrument and proof); *Meza v. State,* No. 05-00-01710-CR, 2001 Tex.App. LEXIS

---

[4] *See Nevarez v. State*, 503 S.W.2d 767, 769 (Tex.Crim.App. 1974); *Truex v. State,* No. 05-10-00665-CR, 2011 Tex.App. LEXIS 34, at *4 (Tex.App.—Dallas Jan. 5, 2011, no pet.); 42 George E. Dix and John M. Schmolesky, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE §§ 25.128, 25.156 (3d ed. 2011) (all so indicating).

7129, at *1 (Tex.App.—Dallas Oct. 24, 2001, no pet.) (mem. op., not designated for publication) (applying *Gollihar* material variance test).

Nor is there a failure of proof of the statutory element appellant was driving in a public place. A public place is defined as "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops." Tex. Penal Code Ann. § 1.07(a)(40) (West Supp. 2011). The warden's testimony showed appellant was driving on a county road at an intersection with a paved road controlled by a stop sign. That evidence, and the video showing the appearance of the "paved road," allowed the jury to find appellant was driving in a public place.

The evidence of appellant's guilt is not insufficient under either of the theories he asserts. We overrule appellant's first issue.

Jury Charge Error

In appellant's second and third issues, he challenges the trial court's inclusion of the State's requested jury instruction, "You are instructed that you may consider the Defendant's refusal to submit to a breath test as evidence in this case." Appellant objected at trial and also included a challenge to the instruction in his motion for new trial. He argued that the instruction was an impermissible comment by the trial court on the weight to be given the evidence of the breath test refusal.

The function of the jury charge is to inform the jury of the applicable law and to guide the jury in its application of the law to the case the jury must decide. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex.Crim.App. 1996). Because judges are neutral arbiters in the Texas adversarial system, the charge must not express any opinion as to the weight to be accorded to the evidence. *See* Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007); *Brown v. State*, 122 S.W.3d 794, 797 (Tex.Crim.App. 2003). When reviewing a jury charge, we first determine whether error exists and, if error does exist, we address whether the harm caused by the error warrants reversal. *Hutch*, 922 S.W.2d at 170-71.

A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood . . . may be introduced into evidence at the person's trial." Tex. Transp. Code Ann. § 724.061 (West 1999); *Hess v. State,* 224 S.W.3d 511, 514 (Tex.App.—Fort Worth 2007, pet. ref'd). A comment by the prosecutor on the refusal is permissible, *Leija v. State*, No. 04-08-00679-CR, 2009 Tex. App. LEXIS 923, 2009 WL 331897, at *3 (Tex. App.--San Antonio Feb.11, 2009, no pet.) (mem. op., not designated for publication) (concluding that a prosecutor may comment on a refusal to submit to a breath or blood test); *Vargas v. State*, 271 S.W.3d 338, 340 (Tex.App.—San Antonio 2008, no pet.) (same), and the State may summarize evidence as part of its jury argument, which includes the failure to submit to a breath or blood test and that such failure is evidence of intoxication. *Leija*, 2009 Tex. App. LEXIS 923, 2009 WL 331897, at *3; *Vargas*, 271 S.W.3d at 341. However, a "jury instruction informing the jury that it may consider evidence of a refusal to take a breath [or blood] test constitutes an impermissible comment on the weight of the evidence." *Bartlett v. State*, 270 S.W.3d

10

147, 154 (Tex. Crim. App. 2008). The court erred by including the instruction in its charge.

When the error is preserved, reversal is required if the error is "calculated to injure the rights of defendant," meaning there must be some harm. Tex. Code Crim. Proc. Ann. art. 36.19; *Trevino v. State*, 100 S.W.3d 232, 242 (Tex.Crim.App. 2003); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g). The degree of harm must be considered in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Ovalle v. State*, 13 S.W.3d 774, 786 (Tex.Crim.App. 2000). In analyzing harm under *Almanza*, neither the State nor the defense has a burden to show harm. *Warner v. State*, 245 S.W.3d 458, 464 (Tex.Crim.App. 2008).

After reviewing the entire charge, the state of the evidence, the arguments of counsel, and other relevant information, we find appellant suffered no harm from the inclusion of the instruction. Unlike the lengthy instruction given in *Bartlett*, 270 S.W.3d at 149, the instruction here consisted only of the one sentence we have quoted. The refusal was not emphasized in the testimony and neither the erroneous instruction nor appellant's refusal to consent to the breath tests were mentioned in closing arguments. Our conclusion appellant suffered no harm is consistent with that reached by other courts considering similar instructions. *Helm v. State,* 295 S.W.3d 780, 784 (Tex.App.—Fort Worth 2009, no pet.); *Huckabay v. State,* No. 09-09-00336-CR, 2011 Tex.App. LEXIS 1918, at *11 (Tex.App.—Beaumont March 16, 2011, no pet.) (mem.

op., not designated for publication). We likewise find no abuse of discretion in the trial court's failure to grant appellant's motion for new trial on this point. *See, e.g., Smith v. State,* 286 S.W.3d 333, 339 (Tex.Crim.App. 2009) (review trial court's ruling on motion for new trial for abuse of discretion); *Holden v. State,* 201 S.W.3d 761, 763 (Tex.Crim.App. 2006) (same). We resolve appellant's second and third issues against him.

Appellant's Requested Jury Instruction Under Article 38.23

In his fourth issue, appellant contends the trial court erred in refusing to submit his requested jury instruction under article 38.23. *See* Tex. Code Crim. Proc. Ann. art. 38.23 (West 2010). He contends fact issues existed concerning: (1) the legality of the game warden's initial traffic stop; (2) the reasonableness of the game warden's suspicion appellant was driving while intoxicated, and (3) the reasonableness of the trooper's suspicion appellant was driving while intoxicated, prior to the time the trooper completed the field sobriety tests. Without a reasonable suspicion appellant was, or had been, engaged in criminal activity, his continued detention by the warden and the trooper for investigation of DWI would have been unjustified. *Davis v. State,* 947 S.W.2d 240, 244-45 (Tex.Crim.App. 1997).

To determine if omission of the requested instruction was error, we turn to *Madden v. State*, 242 S.W.3d 504, 510 (Tex.Crim.App. 2007). There, the Court of Criminal Appeals set forth three requirements to obtain a charge pursuant to article 38.23: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence

12

on that fact must be affirmatively contested; and (3) that contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

In his brief, appellant cites us to two instructions he requested. Although both address the legality of the conduct of the warden and trooper during appellant's detention, we are unable to identify in either requested instruction a disputed issue of historical fact. Rather, like the rejected instruction in *Madden*, 242 S.W.3d at 511, appellant's requested instructions addressed the legal conclusions of reasonable suspicion and probable cause. The trial court did not err in refusing to give them. We overrule appellant's fourth issue.

Jury Argument

In his last issue, appellant argues the trial court erred in failing to grant his motion for mistrial after the State argued in closing argument at the guilt-innocence stage that the Texas Court of Criminal Appeals has taken judicial notice of the reliability of field sobriety tests. The State said, "Our Court of Criminal Appeals, which is the highest criminal court in the State of Texas, has taken judicial notice of the reliability--." When appellant objected, the prosecutor said, "It's the law." Appellant objected and the court sustained his objection and provided to the jury an instruction to disregard the State's comment. The trial court denied appellant's motion for mistrial.

The purpose of closing argument is to assist the fact-finder in drawing proper conclusions and inferences from the evidence. *Gaddis v. State*, 753 S.W.2d 396, 400 (Tex.Crim.App. 1988); *Graves v. State*, 176 S.W.3d 422, 431 (Tex. App.--Houston [1st

13

Dist.] 2004, pet. stricken). Argument that (1) summarizes the evidence, (2) is a reasonable deduction from the evidence, (3) answers argument of opposing counsel, or (4) is a plea for law enforcement, is permissible and proper. *See Brown v. State*, 270 S.W.3d 564, 570 (Tex.Crim.App. 2008), *cert. denied*, 129 S. Ct. 2075, 173 L. Ed. 2d 1139 (2009). Argument that interjects facts not supported by the record is improper. *See id.* (citing *Allridge v. State*, 762 S.W.2d 146, 155 (Tex.Crim.App. 1988)). Generally, an instruction to disregard cures any harm from improper argument. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). We presume the jury followed a trial court's instruction to disregard. *Id.* at 116. We also presume the instruction was effective and cured any prejudicial effect caused by the complained-of remarks. *See id.; Sanders v. State*, 25 S.W.3d 854, 858 (Tex. App.--Houston [14th Dist.] 2000), *pet. dism'd by*, 56 S.W.3d 52 (Tex.Crim.App. 2001). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex.Crim.App. 2004) (citing *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003)).

We review the denial of a motion for mistrial under an abuse of discretion standard. *Id.* at 77; *Wead v. State*, 129 S.W.3d 126, 129 (Tex.Crim.App. 2004). We will find the trial court abused its discretion when its decision falls outside the zone of reasonable disagreement. *Wead*, 129 S.W.3d at 129. In determining whether the trial court abused its discretion by denying the mistrial and should be reversed, we balance three factors: (1) the severity of the misconduct, (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct. *Hawkins*, 135 S.W.3d at 77 (citing *Martinez v. State*, 17 S.W.3d 677, 693-94 (Tex.Crim.App. 2000)). In

14

evaluating the severity of the misconduct, we assess "whether [the] jury argument is extreme or manifestly improper [by] look[ing] at the entire record on final arguments to determine if there was a willful and calculated effort on the part of the State to deprive [the] appellant of a fair and impartial trial." *Brown*, 270 S.W.3d at 573 (quoting *Cantu v. State*, 939 S.W.2d 627, 633 (Tex.Crim.App. 1997)).

The State argues its argument was in response to appellant's argument that "These tests aren't indicia of intoxication. What they are, indicia of whether somebody can perform some type of artificial, made-up tests that have some validity." Appellant asserts the State "attempted to advise the jury that the highest criminal court in the State of Texas had already stamped its approval of the reliability of standard field sobriety tests in DWI cases." This, appellant contends, coupled with the State's comment that "It's the law" and its second attempt to tell the jury the Court of Criminal Appeals had taken judicial notice of the reliability of the test, rendered the court's instruction to disregard ineffectual.

We disagree, and find the court's prompt instruction to disregard cured any impropriety in the State's argument. *See Wesbrook,* 29 S.W.3d at 116. We resolve appellant's final issue against him.

Having overruled each of appellant's five issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

15