

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00222-CR

CHARLES EDWARD HARETER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 62,982-E, Honorable Douglas Woodburn, Presiding

May 30, 2014

OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Charles Edward Hareter appeals his conviction for five counts of possession or promotion of child pornography.[1]  A jury found appellant guilty and assessed punishment at five years' confinement in prison for each count.  By order of the trial court, the sentences for counts one through three run concurrently and upon their completion the sentences for counts four and five begin and run consecutively.  We will affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 43.26 (West Supp. 2013).

## Background

Testimony showed appellant's wife discovered a computer thumb drive in the clothes dryer at their residence. Her son, who is appellant's stepson, and his family were temporarily living with appellant and his wife. Appellant's wife brought her discovery to the attention of the stepson, who works with computers and has a background in law enforcement. The stepson opened the portable storage device using appellant's computer and discovered pornographic images of children. He telephoned police.

Meanwhile appellant, age sixty-eight, was asleep. When police arrived he was awakened by the stepson. In the presence of the stepson and police, appellant acknowledged ownership of the thumb drive. He further acknowledged a statement by the stepson, "You understand this is kids." Later that night, at the police station, appellant told an interrogating officer the thumb drive contained images of females, ages five to ten years, exhibiting their genitals in a suggestive manner. According to the officer, appellant admitted he "saved images of children who lack pubic hair, who lack breasts, who were in an undressed state, exhibiting their genitalia, the vagina, the breasts."

A detective and an investigator viewed the contents of the thumb drive and identified five images they believed were child pornography. These five images were copied onto a disk which was admitted into evidence at trial. Each image on the disk was the subject of a separate count in the indictment. According to the detective, the thumb drive contained an estimated 250 images of child pornography.

Analysis

By his first issue, appellant argues the trial court commented on the weight of the evidence while it received into evidence a letter written from jail by appellant to his wife. Specifically, appellant argues "the trial judge in open court told the jury the letter contained a confession: 'the [Appellant] in this letter has admitted the commission of the offense.'"

Elsewhere in his brief appellant recites further record excerpts placing the highlighted excerpt in context. Outside the presence of the jury appellant's counsel argued the letter lacked relevance, was improper evidence of character, and was more prejudicial than probative. The jury returned, the letter was authenticated and offered, and appellant's objections were renewed and overruled. This exchange followed.

> [Defense Counsel]: The—Your Honor, may I have a limiting instruction with regard to this exhibit?
>
> The Court: And your instruction would be?
>
> [Defense Counsel]: That it would be limited not to the—for the purpose of showing that the letter transpired, but it does not go to the issue of proof on guilt/innocence.
>
> [The Prosecutor]: Judge, if I may by (sic) heard? I believe that the content being offered is it would invade the province of the jury. That's an issue for the jury to decide.
>
> [Defense Counsel]: Well, I agree, Judge, for the jury to decide, but it has to have a limiting instruction as to what—what purpose is he admitting—
>
> The Court: All right. I'll admit it for the purpose of establishing that the Defendant in this letter has admitted the commission of the offense, if you

3

believe that's true. And so as a—a statement that is consistent with admission of the commission of the offense.

[Defense Counsel]: Your Honor, I object to that instruction because I think the letter speaks for itself. It should be limited to what is in that letter.

[Defense Counsel]: And—

The Court: --the question is does that letter constitute an admission on the part of the Defendant, and that's for the jury to decide. And I will limit them to reviewing this letter to determine if, in fact, it does constitute an admission by the Defendant. And if you feel that it does, you may consider that in your verdict. If you feel that it doesn't establish an admission on his part, then you won't consider it. And that is my ruling to you.

[Defense Counsel]: And I object to that instruction as not being complete. And I also further object that it constitutes a comment on the weight of the evidence.

***

[Defense Counsel]: It would be more complete if they would limit it to the purpose for which he is admitting it and it does not show that he's guilty of the—what he's charged with.

The Court: All right. I'll overrule the request. And it is admitted for the limited purpose to determine if you feel that it does constitute an admission on his part, and that's—that is my limiting instruction.

***

The Court: The exhibit is admitted, subject to the limiting instruction that I've given you.

4

Article 38.05 of the Code of Criminal Procedure provides:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

TEX. CODE CRIM. PROC. ANN. art. 38.05 (West 1979). The trial court must withhold any comment before the jury calculated to convey its opinion of the case. *Brown v. State,* 122 S.W.3d 794, 798 (Tex. Crim. App. 2003). It is axiomatic that "jurors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved." *Id.*

The trial court improperly comments on the weight of the evidence if it makes a statement that implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case. *Clark v. State,* 878 S.W.2d 224, 226 (Tex. App.—Dallas 1994, no pet.). Applying this standard, we first examine whether the challenged remarks, made by the trial judge during trial, were improper comments on the weight of the evidence.

The statement appellant challenges is not a comment on the weight of the evidence. It did not express or imply approval of the State's position. Rather the instruction allowed the jury to decide whether the letter contained an admission of guilt by appellant, or did not contain such an admission. Being so qualified, the instruction could not be an expression of the court's view of how the jury should resolve the issue. *See Easter v. State,* 867 S.W.2d 929, 941 (Tex. App.—Waco 1993, pet. refused)

5

("Because the court used the phrases 'if any were committed' and 'if any,' the instruction does not constitute a comment on the weight of the evidence"). Moreover, the court's instruction, given at appellant's request, limited the availability of the letter for consideration by the jury. We hardly see how an instruction benefiting an accused can, at the same time, amount to a comment on the weight of the evidence benefiting the State. *See Bell v. State,* 768 S.W.2d 790, 798 (Tex. App.—San Antonio 1989, pet. refused) (noting a comment on the weight of the evidence benefits the State or prejudices the accused's rights and holding since the instruction was given for the benefit of the accused it could not be the basis of a complaint by the accused). Appellant's first issue is overruled.

In his second issue, appellant argues his due process right to a fair trial was denied when the court admitted the thumb drive containing 250 extraneous offenses.

Appellant lodged several objections to admission of the thumb drive but did not raise the due process complaint here urged. Issues on appeal must correspond or comport with objections and arguments made at trial. *Wright v. State,* 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. refused) (citing *Dixon v. State,* 2 S.W.3d 263, 273 (Tex. Crim. App. 1998)). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Id.*; *see* Tex. R. App. P. 33.1; *Ibarra v. State,* 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). Appellant "did not fairly and specifically object to the exclusion of this evidence on the constitutional due process basis he now urges on appeal." *Id.* Accordingly nothing is preserved for our review. Tex. R. App. P. 33.1(a). Appellant's second issue is overruled.

By his third issue appellant contends he suffered egregious harm because the jury charge allowed convictions on less than unanimous verdicts.

We first consider whether the trial court committed charge error as appellant asserts. *Ngo v. State,* 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Should we find error, we then determine whether appellant was harmed to a degree warranting reversal. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). In the face of a proper objection to charge error, we will reverse on a finding of "some harm" to the defendant. *Id.* Absent a proper objection, we reverse only if the record shows the defendant sustained "egregious harm." *Id.* Because appellant did not raise the objection to the charge in the trial court he now urges on appeal, we must determine whether the trial court erred, and if it did whether the resulting harm to appellant was egregious. *See Warner v. State,* 245 S.W.3d 458, 461 (Tex. Crim. App. 2008) ("The failure to preserve jury-charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary for reversal"). Egregious harm results from charge error that affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State,* 218 S.W.3d 706, 719 (Tex. Crim. App. 2007). This is a difficult standard to meet and requires the record disclose actual rather than theoretical harm. *Nava v. State,* 415 S.W.3d 289, 298 (Tex. Crim. App. 2013). If we find charge error, the egregious harm analysis requires we consider the entire jury charge, the state of the evidence (including the contested issues and the weight of probative evidence), the arguments of counsel, as well as all other relevant information shown by the record. *Nava,* 415 S.W.3d at 298. A defendant has a valuable right to a unanimous verdict in a felony case. *Ngo,* 175 S.W.3d at 750-52. We

presume the jury followed the trial court's instructions contained in the charge. *Resendiz v. State,* 112 S.W.3d 541, 546 (Tex. Crim. App. 2003).

A person commits the offense of possession or promotion of child pornography under Penal Code section 43.26(a) if the person knowingly or intentionally possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct and the person knows that the material depicts the child as described in section 43.26(a)(1). TEX. PENAL CODE ANN. § 43.26(a)(1),(2) (West Supp. 2013). Visual material includes any disk, diskette, or other physical medium that allows an image to be displayed on a computer. TEX. PENAL CODE ANN. § 43.26(b)(3) (West Supp. 2013). As used in § 43.26, the meaning of "sexual conduct" includes actual or simulated sexual intercourse, deviate sexual intercourse, and lewd exhibition of the genitals. TEX. PENAL CODE ANN. § 43.25(a)(2) (West 2011).

Here, the indictment alleged five counts of possession of child pornography under section 43.26(a). The visual depiction alleged by count one was deviate sexual intercourse. Counts two, three, and four alleged lewd exhibition of the genitals. Count five alleged actual sexual intercourse. During the detective's trial testimony the five images, each corresponding to one count in the indictment, were shown to the jury via power point. As an image was presented, the detective described the conduct shown. He opined whether it amounted to deviate sexual intercourse, lewd exhibition of the genitals, or actual sexual intercourse. The charge contained five independent application paragraphs, each expressly corresponding to a count in the indictment. The court supplied five verdict forms for the jury, each correlating to a specific numbered

8

count and each requiring the jury to determine whether appellant was guilty or not guilty of the conduct alleged in the referenced count. The charge instructed the jury that before it could return a verdict of guilty or not guilty "all twelve jurors must agree upon the verdict."

Appellant urges that our decision is guided by *Ngo*. We disagree. The application paragraphs in *Ngo* were presented in the disjunctive without requiring unanimity so that all twelve jurors would immediately realize that they had to agree on one specific paragraph which set out one specific criminal act. 175 S.W.3d at 749 & n.44.

Here, the application paragraphs were not disjunctively submitted. Rather, each expressly followed a count in the indictment and then flowed directly to a dedicated verdict form. As noted, the charge required unanimity for a verdict. Each charged offense, from indictment to verdict form, stood independently and, presuming the jury followed the court's instruction, each verdict was unanimous. Appellant has not shown a unanimity problem. Finding the trial court did not commit charge error as appellant asserts, we overrule his third issue.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Publish.

9