ACCEPTED
13-13-00066-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
4/9/2015 10:02:57 AM
DORIAN RAMIREZ
CLERK

## CAUSE NO. 13-13-00066-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/9/2015 10:02:57 AM
DORIAN RAMIREZ
Clerk

## IN THE COURT OF APPEALS

## THIRTEENTH JUDICIAL DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG, TEXAS

### ERIC ROEL JIMENEZ,
**Appellant**

**v.**

### STATE OF TEXAS,
**Appellee.**

### On appeal from the 357th Judicial District Court
### of Cameron County, Texas
### Trial Court Cause Number 2012-DCR-01135-E

## STATE'S APPELLATE BRIEF

**Luis V. Saenz**
**Cameron County District Attorney**

**ORAL ARGUMENT REQUESTED**

**René B. González**
**Assistant District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax:(956) 544-0869

**Attorneys for the State of Texas**

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Salutation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     State's Response to Appellant's First Issue.. . . . . . . . . . . . . . . . . . . 3

     State's Response to Appellant's Second Issue. . . . . . . . . . . . . . . . . 6

     State's Response to Appellant's Third Issue. . . . . . . . . . . . . . . . . . . 7

     State's Response to Appellant's Fourth Issue. . . . . . . . . . . . . . . . . 10

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# INDEX OF AUTHORITIES

**Cases**

*Adelman v. State*,
828 S.W.2d 418 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . . . . . . . 8

*Aschbacher v. State*,
61 S.W.3d 532 (Tex. App.--San Antonio 2001, pet. ref'd). . . . . . . . 11

*Bartlett v. State*,
270 S.W.3d 147 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . . . . . . 5

*Carter v. State*,
No. 05-02-00504-CR, 2003 WL 1544216
(Tex. App.--Dallas Mar. 26, 2003, no pet.).. . . . . . . . . . . . . . . . . . . 9

*Castillo v. State*,
913 S.W.2d 529 (Tex. Crim. App. 1995). . . . . . . . . . . . . . . . . . . . . 11

*Clark v. State*,
878 S.W.2d 224 (Tex. App. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cowger v. State*,
No. 12-08-00459-CR, 2010 WL 338061
(Tex. App.--Tyler Jan. 29, 2010. pet. ref'd). . . . . . . . . . . . . . . . . . . 5

*Earley v. State*,
855 S.W.2d 260 (Tex. App.--Corpus Christi 1993).. . . . . . . . . . . . . 3

*Fielding v. State*,
719 S.W.2d 361 (Tex. App.--Dallas 1994, no pet.). . . . . . . . . . . . . 3

*Flores v. State*,
871 S.W.2d 714 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . . 4

*Gagnon v. Scarpelli*,
411 U.S. 778 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hareter v. State*,
   435 S.W.3d 356 (Tex. App.--Amarillo 2014, no pet.). . . . . . . . . . . . . 6

*Jackson v. Virginia*,
   443 U.S. 307 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Leija v. State*,
   No. 04-08-00679-CR, 2009 WL 331897
   (Tex. App.--San Antonio Feb.11, 2009, no pet.). . . . . . . . . . . . . . 5

*Martin v. State*,
   13 S.W.3d 133 (Tex. App.--Dallas 2000, no pet.). . . . . . . . . . . . . 10

*McCray v. State*,
   861 S.W.2d 405 (Tex. App.--Dallas 1993, no pet.). . . . . . . . . . . . . 8

*Mestiza v. State*,
   923 S.W.2d 720 (Tex. App.--Corpus Christi 1996, no pet.). . . . . . . . 4

*Powers v. State*,
   737 S.W.2d 53 (Tex. App.--San Antonio 1987, pet. ref'd). . . . . . . . 11

*Resendez v. State*,
   160 S.W.3d 181 (Tex. App.--Corpus Christi 2005, no pet.). . . . . . . . 4

*Sharp v. State*,
   707 S.W.2d 611 (Tex. Crim. App. 1986). . . . . . . . . . . . . . . . . . . . 8

*Stahle v. State*,
   970 S.W.2d 682 (Tex. App.--Dallas 1998, pet. ref'd). . . . . . . . . . . . 8

*Turner v. State*,
   805 S.W.2d 423 (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . . 8

*Vargas v. State*,
   271 S.W.3d 338 (Tex. App.--San Antonio 2008, no pet.). . . . . . . . . . 5

**Statutes**

Tex. Code Crim. Proc. arts. 38.07.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Tex. Code Crim. Proc. arts. 38.14.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Tex. Code Crim. Proc. arts. 38.15.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. Code Crim. Proc. arts. 38.18.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. Code Crim. Proc. arts. 38.22.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Tex. Pen. Code § 32.34(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Tex. Pen. Code § 49.01(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tex. Penal Code § 49.01. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Rules**

Tex. R. App. P. 33.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. R. App. P. 38.1(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**CAUSE NO. 13-13-00066-CR**

_____

**IN THE COURT OF APPEALS**

**THIRTEENTH JUDICIAL DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG, TEXAS**

_____

**ERIC ROEL JIMENEZ, Appellant**

**v.**

**STATE OF TEXAS, Appellee**

_____

**STATE'S APPELLATE BRIEF**

_____

**TO THE HONORABLE COURT OF APPEALS:**

**COMES NOW**, Appellee, the **STATE OF TEXAS**, by and through the Cameron County District Attorney, the Honorable Luis V. Saenz, and, pursuant to Rule 38.2 of the Texas Rules of Appellate Procedure, files this, its Appellate Brief in the above-styled and -numbered cause of action, and in support thereof, would show this Honorable Court as follows:

## SUMMARY OF ARGUMENT

Appellant raises four issues on appeal. (1) In his first issue, Appellant complains that the trial judge impermissibly commented on the weight of the evidence. The State responds by asserting that Appellant has failed to preserve this issue for appellate review, and further the comment by the trial judge was not a comment on the weight of the evidence. (2) In his second issue, Appellant argues that the jury was given an incorrect definition of intoxication. The State responds by asserting that the definition given by the trial court to the jury is correct. (3) In his third issue, Appellant contends the evidence is legally insufficient to show he operated a "motor vehicle." The State responds by asserting that the evidence clearly shows that Appellant was operating a "motor vehicle," as that term is defined by the Texas Penal Code. (4) In his fourth issue on appeal, Appellant argues that the trial court included an instruction in the charge to the jury that constituted an impermissible comment on the weight of the evidence. The State responds by asserting that the instruction of which Appellant complains was a proper statement of the law, and therefore is not erroneous.

## ARGUMENT & AUTHORITIES

### *State's Response to Appellant's First Issue*

In his first issue, Appellant complains that the trial judge impermissibly commented on the weight of the evidence. The State responds by asserting that Appellant has failed to preserve this issue for appellate review, and further the comment by the trial judge was not a comment on the weight of the evidence.

Due process requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). The Texas Constitution requires no less. *Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.--Corpus Christi 1993), *pet. dism'd, improvidently granted*, 872 S.W.2d 758 (Tex. Crim. App. 1994). This Court should presume the trial court was neutral and detached absent a clear showing to the contrary. *See id.*; *Fielding v. State*, 719 S.W.2d 361, 366 (Tex. App.--Dallas 1986, pet. ref'd). The trial court improperly comments on the weight of the evidence if it makes a statement that implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case. *Clark v. State*, 878 S.W.2d 224, 226 (Tex. App. 1994) (Tex. App.--Dallas 1994, no pet.).

The State would first note that the trial record demonstrates Appellant's counsel failed to object specifically to the judge's comment. (R.R. Vol. 3, p. 170). In order to preserve an error for appellate review, a party must make an objection to the court and the court must explicitly or implicitly make an adverse ruling or refuse to rule on that objection. Tex. R. App. P. 33.1; *see Flores v. State*, 871 S.W.2d 714, 723 (Tex. Crim. App. 1993). Thus, Appellant has waived this complaint by not objecting to the trial judge's comment. *See Resendez v. State*, 160 S.W.3d 181, 189-90 (Tex. App.--Corpus Christi 2005, no pet.) (holding that without a specific objection, a defendant waives his complaint that a judge has conveyed his opinion about the case to the jury); *see also Mestiza v. State*, 923 S.W.2d 720, 724 (Tex. App.--Corpus Christi 1996, no pet.) ("[a] timely proper objection is necessary to preserve error concerning a trial judge's comment").

Further, it is clear from the record that the comment made in connection with this incident does not convey the judge's opinion about the case. (R.R. Vol. 3, pp. 170).[1] The trial judge's comment sprang from an

---

[1] The State would note that Appellant does not provide the correct cite to the record in his appellate brief. Appellant consistently states that this comment appears in the reporter's record at volume 1, pages 4-5. (See Appellant's Brief, pp. 13, 16, 18-19). Because Appellant fails to support his argument with proper cites to the record, this

objection to the prosecutor making a reference to Appellant's failure to take a breath test. The law clearly allows the State to introduce this type of evidence and make reasonable inferences from the evidence. "A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood ... may be introduced into evidence at the person's trial." Tex. Transp. Code § 724.061.[2] The trial judge's statement which Appellant challenges is not a comment on the weight of the evidence. It did not express or imply approval of the State's position. Rather the comment merely affirmed that the prosecutor's argument was an argument from the

Court may chose to overrule Appellant's issue due to inadequate briefing. *See* Tex. R. App. P. 38.1(i); ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.")

[2] In the past, trial judges often instructed juries in DWI trials using language similar to that in the statute. This practice is now prohibited by the holding of the Texas Court of Criminal Appeals "that a jury instruction informing the jury that it may consider evidence of a refusal to take a breath [or blood] test constitutes an impermissible comment on the weight of the evidence." *Bartlett v. State*, 270 S.W.3d 147, 154 (Tex. Crim. App. 2008). The evidence, however, is still admissible, and the jury may consider it. *See* Tex. Transp. Code § 724.061. Although a judge may no longer instruct the jury on the refusal to provide a blood or breath specimen, a comment by the prosecutor on the refusal is permissible. *Leija v. State*, No. 04-08-00679-CR, 2009 WL 331897, at *3 (Tex. App.--San Antonio Feb.11, 2009, no pet.) (mem. op., not designated for publication) (concluding that a prosecutor may still comment on a refusal to submit to a breath or blood test in light of *Bartlett*); *Vargas v. State*, 271 S.W.3d 338, 341 (Tex. App.--San Antonio 2008, no pet.) (same). Further, the State may summarize evidence as part of its jury argument, which includes the failure to submit to a breath or blood test and that such failure is evidence of intoxication. *Leija*, 2009 WL 331897, at *3; *Vargas*, 271 S.W.3d at 341. Thus, the State's argument, insofar as it constitutes a comment on Appellant's refusal to submit to a breath test or a summary of the evidence, is proper. *Cowger v. State*, No. 12-08-00459-CR, 2010 WL 338061, at *3 (Tex. App.--Tyler Jan. 29, 2010, pet. ref'd) (mem. op., not designated for publication).

evidence, and merely allowed the jury to consider the State's argument based on the evidence. The comment did not decide whether Appellant's actions constituted an admission of guilt by appellant, or did not constitute such an admission. *Hareter v. State*, 435 S.W.3d 356, 359-60 (Tex. App.--Amarillo 2014, no pet.).

Accordingly, this Court should overrule Appellant's first issue.

### State's Response to Appellant's Second Issue

In his second issue, Appellant argues that the jury was given an incorrect definition of intoxication. The State responds by asserting that the definition given by the trial court to the jury is correct.

Section 49.01 of the Texas Penal Code provides, in part, as follows:

Sec. 49.01.  DEFINITIONS.  In this chapter:

(1) "Alcohol concentration" means the number of grams of alcohol per:
    (A)  210 liters of breath;
    (B)  100 milliliters of blood;  or
    (C)  67 milliliters of urine.

(2) "Intoxicated" means:
    (A)  not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body;  or

(B) having an alcohol concentration of 0.08 or more.

Tex. Penal Code § 49.01. The Court's charge to the jury tracked this statutory language (C.R. p. 52).

Appellant argues that this definition of intoxication is wrong because the legislature forgot to put a percentage sign after the 0.08 in section 49.01(2)(B). (Appellant's Brief, p. 25). However, in light of the fact that the legislature now defines "alcohol concentration" in section 49.01(1)(B), as the number of grams of alcohol per 100 milliliters of blood, the calculations are correct.[3] It is not the legislature that has miscalculated the proper alcohol concentration; instead, it is Appellant's counsel that has failed to "do the math" correctly.

Appellant's second issue should be overruled.

***State's Response to Appellant's Third Issue***

In his third issue, Appellant contends the evidence is legally insufficient to show he operated a "motor vehicle." The State responds by asserting that the evidence clearly shows that Appellant was operating a "motor vehicle," as that term is defined by the Texas Penal Code.

---

[3] In his brief, Appellant uses a measurement that is based on the amount of alcohol per 1,000 milliliters of blood. (Appellant's Brief, p. 27).

When this Court reviews the legal sufficiency of the evidence, it must view the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Turner v. State*, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991). The inquiry is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Turner*, 805 S.W.2d at 427. The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). As such, the jury may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *McCray v. State*, 861 S.W.2d 405, 407 (Tex. App.--Dallas 1993, no pet.). A jury is also permitted to make reasonable inferences from the evidence. *See Stahle v. State*, 970 S.W.2d 682, 86-87 (Tex. App.--Dallas 1998, pet. ref'd).

Appellant apparently asserts the evidence is legally insufficient to support his conviction because the vehicle he was driving was not a "motor vehicle." Section 49.01 of the penal code, concerning driving while intoxicated offenses, provides "motor vehicle" has the meaning assigned by section 32.34(a) of the penal code. *See* Tex. Pen. Code § 49.01(3).

Section 32.34(a), in turn, defines motor vehicle as "a device in, on, or by which a person or property is or may be transported or drawn on a highway, except a device used exclusively on stationary rails or tracks." *See* Tex. Pen. Code § 32.34(a)(2). At trial, the State presented evidence that appellant was driving a maroon, two-door Saturn Vue (R.R. Vol. 3, p. 34), which was described as a car (R.R. Vol. 3, pp. 24, 29, 30), a vehicle (R.R. Vol. 3, pp. 24, 27, 28) and a motor vehicle (R.R. Vol. 3, p. 62). Testimony was also offered that the vehicle was driven on a roadway (R.R. Vol. 3, p. 62), which would exclude the possibility of it being operated on stationary rails or tracks. Additionally, photographs of the motor vehicle at the scene of the accident were received into evidence as State's Exhibit 8 through 16. Based on the exhibits and the testimony of all the witnesses, there was sufficient evidence for the jury to infer and conclude that the vehicle was self-propelled, had a motor, and was driven on a roadway, not on stationary rails or tracks. Accordingly, this Court should conclude the evidence is legally sufficient to show the vehicle was capable of carrying a person or property on a highway and was not used exclusively on stationary rails and tracks. Consequently, the vehicle was a motor vehicle for purposes of the penal code. *See Carter v. State*, No. 05-02-00504-CR,

2003 WL 1544216, at *1-2 (Tex. App.--Dallas Mar. 26, 2003, no pet.) (mem. op.) (not designated for publication) (holding that evidence was sufficient to prove a bulldozer was a motor vehicle under the definition of section 32.34 of the penal code).

Therefore, Appellant's third issue should be overruled.

### State's Response to Appellant's Fourth Issue

In his fourth issue on appeal, Appellant argues that the trial court included an instruction in the charge to the jury that constituted an impermissible comment on the weight of the evidence. The State responds by asserting that the instruction of which Appellant complains was a proper statement of the law, and therefore is not erroneous.

Only in cases of treason, perjury, and aggravated perjury are two witnesses required. *Martin v. State*, 13 S.W.3d 133, 140 (Tex. App.--Dallas 2000, no pet.) (*citing* Tex. Code Crim. Proc. arts. 38.15, 38.18). Corroborating circumstances are required only when a conviction is based on the testimony of an accomplice, in certain circumstances when a defendant's oral statement resulting from custodial interrogation is admitted into evidence, and in certain circumstances in sexual assault and

aggravated sexual assault cases. *Id*. at 140-41 (*citing* Tex. Code Crim. Proc. arts. 38.07, 38.14, art. 38.22, § 3(c)). In all other cases, the testimony of a single witness, without corroboration, is sufficient for conviction if the jury may believe it beyond a reasonable doubt. *See Castillo v. State*, 913 S.W.2d 529, 532-33 (Tex. Crim. App. 1995).

Appellant complains that the trial court instructed the jury that the law provides "that a person may be convicted on the testimony of one witness where guilt, each element of the criminal offense, is proven beyond a reasonable doubt." (C.R. 53). As noted above, this is a correct statement of the law. "Generally, 'a correct statement of the law by the trial court, even during trial, is not reversible' as a comment on the weight of the evidence." *Aschbacher v. State*, 61 S.W.3d 532, 538 (Tex. App.--San Antonio 2001, pet. ref'd) (*quoting Powers v. State*, 737 S.W.2d 53, 54 (Tex. App.--San Antonio 1987, pet. ref'd). Because the trial court's instruction was a correct statement of the law, the instruction is cannot be reversible error.

Therefore, Appellant's fourth issue should be overruled.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the State of Texas prays that this Court will overrule Appellant's issues on appeal, and affirm both the judgment of conviction and the sentence herein.

Respectfully Submitted,

**LUIS V. SAENZ**
**Cameron County District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax: (956) 544-0869

By: */s/ René B. González*

**René B. González**
Assistant District Attorney
State Bar No. 08131380
rgonzalez1@co.cameron.tx.us

**Attorneys for the State of Texas**

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 2,579 words (excluding the cover, table of contents and table of authorities). The body text is in 14 point font, and the footnote text is in 12 point font.

*/s/ René B. González*
René B. González

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing State's Appellate Brief was e-mailed to Mr. Larry Warner, Attorney at Law, 3109 Banyan Drive, Harlingen, Texas 78550, at Office@larrywarner.com on the 9th day of April, 2015.

*/s/ René B. González*
René B. González