

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00004-CR

_____

JOHNNY MOLINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2021-CR-0497, Honorable Douglas H. Freitag, Presiding

February 6, 2023

## MEMORANDUM OPINION ON MOTION FOR REHEARING

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant's having moved for rehearing and upon our consideration of it and the State's response thereto, we withdraw the original "Memorandum Opinion" and substitute this in its place.

Whether called the "shotgun" approach or "throwing everything in plus the kitchen sink," such strategies seldom assist. They confuse and muddle. Clarity and conciseness

better serve the presentation of one's complaints.  That said, we turn to the nine issues and sixty-four pages of writing presented by Johnny Molina in effort to reverse his conviction for continuous sexual abuse of children.  We affirm.

### *Issue Five*

Our work begins with issue five entitled: "THE EVIDENCE IS LEGALLY INSUFFICIENT TO WARRANT CONVICTION AND/OR TO ASSESS PUNISHMENT OF A LIFE SENTENCE WITHOUT PAROLE."  We start there because sustaining the complaint provides him the greatest relief available.  *See Mixon v. State*, 481 S.W.3d 318, 322 (Tex. App.—Amarillo 2015, pet. ref'd) (requiring the consideration of issues regarding the sufficiency of evidence first).  But, upon considering the argument, we overrule it.

The applicable standard of review is that discussed in *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), *Merritt v. State*, 368 S.W.3d 516 (Tex. Crim. App. 2012), and *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).  While applying it, we consider all the evidence favorable to the verdict, even if found inadmissible when addressing later issues.  *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Again, the State indicted appellant for continuous sexual abuse of a child.  The crime occurs when "during a period that is 30 or more days in duration" a 17-year-old or older person "commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims" and the victim is "younger than 14 years of age . . . ."  TEX. PENAL CODE ANN. § 21.02(b)(1), (b)(2)(A).  A review of the evidence at bar illustrates that appellant sexually molested the two daughters of his girlfriend.  The acts included touching their vaginal areas and attempting to engage in anal intercourse.  He did so more than twice during a period spanning more than thirty

days. And, at the time, the girls were under fourteen years of age. So, the record contains evidence on which reasonable jurors could find appellant guilty, beyond reasonable doubt, of committing continuous sexual abuse of a child.

In structuring his argument, though, appellant did not discuss the evidence inculpating him. Nor did he attempt to explain why it did not prove his guilt. Rather, he alluded to such matters as 1) the nature of the prosecutor's closing argument, 2) the alleged bias of witnesses, 3) the admission of supposed hearsay, 4) an amendment to the indictment about which he failed to object, 5) the utterance of personal opinion as to his guilt by one or more witnesses, 6) reference to appellant as "a monster" being a "racially charged" statement, 7) how "[p]ersons of color, like Appellant, often obtain[ing] higher sentences," 8) the lack of specific jury findings which specify the underlying "acts of sexual abuse" committed by him, and 9) the collective effect of the foregoing upon his conviction. Even if those topics were components of or subject to consideration under the controlling standard of review, they were inadequately briefed. That is, he accompanied none of them with both substantive analysis and citation to authority, as required by Rule of Appellate Procedure 38.1(i). TEX. R. APP. P. 38.1(i) (stating that the brief must contain a clear and concise argument for the contentions made with appropriate citation to authority and the record). Thus, they were waived to the extent they served as the foundation for his argument about the alleged insufficiency of the evidence. *Smith v. Dixon*, No. 07-20-00197-CV, 2021 Tex. App. LEXIS 5592, at *6 (Tex. App.—Amarillo July 14, 2021, pet. denied) (mem. op., not designated for publication) (finding the issue waived because the appellant provided neither substantive argument nor citation to legal authority and the record).

### *Issue One*

Appellant's explanation of his first issue leaves us scratching our collective heads while attempting to understand his complaint. He seems to question whether the jury found that he committed two or more acts of sexual abuse within a period of thirty days or more. Allegedly, it did not because 1) the State argued that jurors need not consider guilt of lesser included offenses until after considering guilt on the greater offense and 2) "the offense of continuous sexual abuse of a child was not a count in either the grand jury indictment or in the amended indictment . . . ". These circumstances somehow led the jurors to believe they need not consider the lesser included offenses when deciding if appellant committed the greater offense of continuous sexual abuse of a child. As understood, we overrule the issue for the following reasons.

First, we read indictments as a whole. *Brooks v. State*, 382 S.W.3d 601, 605-06 (Tex. App.—Amarillo 2012, pet ref'd). So read, the amended indictment at bar clearly describes the offense of continuous sexual abuse of a child. Through it, the State charged him with committing "two or more" itemized sexual offenses against two females who were younger than fourteen during a period "from on or about the 23rd day of October, 2014 through the 9th day of February, 2018." These encompass the very elements of the crime, as described in section 21.02 of the Texas Penal Code. TEX. PENAL CODE ANN. § 21.01(b) (stating that a person commits the offense of continuous sexual abuse of a child if "during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims" and the victims are "younger than 14 years of age . . ."). The State having charged the offense within the amended indictment, appellant mistakenly asserts that it did not.

Second, we presume the jury follows the trial court's instructions and charge, absent evidence otherwise.  *Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003);  *Hareter v. State*, 435 S.W.3d 356, 361 (Tex. App.—Amarillo May 30, 2014, no pet.).  Here, the trial court instructed the jurors, via its charge, that they "are bound to receive the law from **the Court**."[1]  (Emphasis added).  So too were they informed, via the same document of 1) the elements of continuous sexual abuse of a child as described in the statute and 2) the need to "first . . . determine whether the defendant is guilty beyond a reasonable doubt of the charged offense of continuous sexual abuse of a child or children."  An application paragraph followed wherein the trial court itemized multiple instances of sexual abuse allegedly committed by appellant.  The court coupled that with the statement about the jurors needing to find he committed two or more of them over a thirty-day or more period to be guilty of the crime.  Appellant cites us to no evidence illustrating that the jurors failed to heed those instructions.  So, we presume that the jury did as charged when finding appellant guilty of continuous sexual abuse.  That is, it considered his guilt for the greater offense first, as it was obligated to do.  And, we know of no authority requiring a jury to consider guilt on or find one guilty of a lesser included offense in order to convict the individual of the greater charge, as appellant seems to suggest.

### Issue Two

Appellant next argues that his right to a unanimous jury verdict was violated.  This purportedly occurred because the jurors did not expressly find he committed the same

---

[1] We emphasize "the Court" since appellant seems to suggest that the jury followed the law as explained by the prosecutor.  The trial court having admonished the jurors that it provides them the law, we again presume they heeded the directive; at least, appellant did not direct us to evidence indicating they did not.

two or more underlying instances of abuse. We previously addressed the identical issue in *Pfeifer v. State*, No. 07-14-00277-CR, 2016 Tex. App. LEXIS 7825, at *11-12 (Tex. App.—Amarillo July 21, 2016, pet. ref'd) (mem. op., not designated for publication) and *Kennedy v. State*, 385 S.W.3d 729, 731-32 (Tex. App.—Amarillo 2012, pet. ref'd) and rejected it. Jurors need not agree on which underlying individual acts the defendant committed. *Kennedy*, 385 S.W.3d at 732.

To the extent that appellant also asserts that the jury charge "regarding a finding of continuous sexual abuse did not mention the charge of continuous sexual abuse," we invite him to re-read the document. It expressly mentions the crime, its elements, and applies those elements to the circumstances at bar. So too did it instruct the jurors that they "will first be required to determine whether the defendant is guilty beyond a reasonable doubt of the charged offense of continuous sexual abuse of a child or children." We overrule appellant's second issue.

### *Issue Three*

In appellant's third issue, he argues the trial court erred in permitting the State to amend its indictment to include an offense not considered by the grand jury. Through the amendment, the State added another instance of assault to the litany of acts submitted as the manner and means by which he committed continuous sexual abuse. Adding that "offense" "invaded the province of the grand jury and violated Article 1, § 10 of the Texas Constitution," according to appellant. We overrule the issue.

Appellant did not object to the amendment. By failing to object, he waived his complaint. *Ramirez v. State*, 105 S.W.3d 628, 630 (Tex. Crim. App. 2003). And, assuming *arguendo* that the addition in question resulted in the inclusion of an additional offense as opposed to the addition of another instance describing the manner and means

6

of committing the one offense, it did not fall outside the trial court's jurisdiction. Contrary to appellant's suggestion otherwise, the return of an indictment is the act vesting the trial court with jurisdiction over the prosecution. *Id.* at 629. A grand jury returned the indictment at bar, thereby vesting the trial court with jurisdiction to try the cause.

### Issue Six

By his sixth issue, appellant contends the trial court erred in admitting the statements made by him to a detective during his interview with police. The statements were purportedly made while appellant was in custody and without being afforded his *Miranda* admonishments. We overrule the issue for the simple reason that appellant failed to preserve it at trial. Not only did he withhold objection when a recording of the interview was admitted into evidence but he also uttered "[n]o objection, your Honor." *See King v. State,* No. 11-21-00039-CR, 2022 Tex. App. LEXIS 6800, at *5-6 (Tex. App.—Eastland Sept. 8, 2022, no pet.) (mem. op., not designated for publication) (holding that appellant waived his article 38.22 since it was not raised at trial); *Brantley v. State*, No. 07-13-00219-CR, 2015 Tex. App. LEXIS 1730, at *5-6 (Tex. App.—Amarillo Feb. 23, 2015, no pet.) (mem. op., not designated for publication) (holding that appellant waived his *Miranda* complaint on appeal because he failed to raise it at trial).

### Issue Seven

Next, appellant argues that the admission of hearsay evidence violated his Sixth Amendment constitutional right to confront witnesses against him. The purported hearsay came from three witnesses, namely Rachel Martinez, Patti Salazar, and John Wuerflein. Yet, this constitutional basis for excluding the testimony was not mentioned below. Nor do general hearsay objections fill the void we encountered. *Wright v. State,* 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (holding that appellant's general hearsay objection failed

to preserve is complaint founded on the Confrontation Clause).  Thus, we overrule the issue as waived.

### Issue Eight

Appellant's next issue involves the admission of outcry testimony.  Allegedly, the witnesses in question were not the first adults to whom the child victims revealed instances of appellant's abuse.  Thus, admission of their testimony about what the victims told them fell outside the hearsay exception created by article 38.072 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.072.  We overrule the issue.

An appropriate outcry witness is not simply the first person to whom a child victim may have mentioned the occurrence of some general misconduct.  He or she is the first person to whom details of the alleged offense were imparted.  *Maturino-Rodriguez v. State*, No. 07-21-00289-CR, 2022 Tex. App. LEXIS 7338, at *6-7 (Tex. App.—Amarillo Sept. 28, 2022 no pet.) (mem. op., not designated for publication).  So, one does not carry his burden of showing error by simply indicating others were told first, much like appellant did here.  Rather, his obligation was to identify the individual or individuals to whom actual details of the assault were first revealed, describe those details, and illustrate that the persons testifying as outcry witnesses were not the first to hear them.

Moreover, in cases involving multiple instances of sexual assault, one must remember that there can be multiple outcry witnesses who were told of and testify about the distinct assaults.  *Id.*  That means while a particular outcry witness may not be the appropriate person to reiterate the child's description of one assault, he or she may well be the appropriate witness to reiterate the description of another.  Following that to its logical end, it would be incumbent upon the complainant to illustrate that the details of

8

each assault mentioned in the outcry was first told to someone else.  If that were not done, we would be hard-pressed to say the trial court erred in permitting the outcry witnesses to testify about the various assaults.  In developing his issue, appellant did not parse through the outcry testimony in that way.  He did not attempt to illustrate that others heard the details of each alleged assault before those details were told to the testifying outcry witnesses.  We were left to develop that ourselves.  Yet, such is not our obligation for appellant has the burden to adequately brief the issue.  And, to the extent that he suggests through the argument provided us that one's hearing mere allusions to "touching" makes the listener the outcry witness, he is mistaken.  As we observed in *Maturino-Rodriguez*, such general comments are not the details needed to make one the first outcry witness.  *See id.* at 2022 Tex. App. LEXIS 7338, at *7.

Finally, the two victims also testified at trial and, while doing so, described instances of sexual abuse inflicted upon them by appellant.  Furthermore, their testimony about those instances was admitted without objection.  So, we have of record other evidence like that imparted by the alleged outcry witnesses.  The presence of that substantially similar, yet unobjected to, evidence rendered harmless any supposed error regarding compliance with article 38.072.  *Mitchell v. State*, No. 07-18-00169-CR, 2019 Tex. App. LEXIS 1800, at *5 (Tex. App.—Amarillo March 7, 2019, no pet.) (mem. op., not designated for publication) (stating that the improper admission of evidence is harmless if the same or similar evidence is admitted without objection at some other point during trial).  We overrule the issue.

9

***Issue Nine***

Next, appellant claims his right to be free from double jeopardy was violated. This was purportedly so because he was subjected to multiple punishments for the same offense. We overrule the issue.

Assuming *arguendo* that appellant's contention about including lesser included offenses in the jury charge exposes the accused to double jeopardy, we note that he was convicted of only one crime. That crime was the greater and more serious offense of continuous sexual abuse of a child. That being so, he suffered no harm. This is so because the remedy to a double jeopardy violation based on subjection to multiple punishments for the same crime is to affirm the conviction for the most serious offense and vacate the other conviction. *Duran v. State*, 492 S.W.3d 741, 745 (Tex. Crim. App. 2016); *Bigon v. State*, 252 S.W.3d 360, 372-73 (Tex. Crim. App. 2008). So, he received the relief to which he would have been entitled had a violation occurred.

Through his motion for rehearing, appellant suggested we ignored an aspect of double jeopardy prohibiting "multiple prosecutions for the same offense," that is, "prohibit[ing] a state ***from trying*** a defendant for both a greater offense and a lesser-included offense . . . ." (Emphasis added). Admittedly, the appellate brief he filed generally alluded to three "protections" of double jeopardy. Yet, appellant directed our attention to what he called the "third protection." On page 58 of his brief, he said the "third protection" "protects against ***multiple punishments*** for the same offense." (Emphasis added). Upon turning the page, we encountered the statement that "[a] double jeopardy violation arises ***under the third protection***, ***which is the issue in this case***, either in the context of a greater offense and lesser-included offenses or when the same criminal act can be tried and punished under two distinct provisions . . . ." (Emphasis added). His

10

utilizing that language meant that "his issue in this case," i.e., his complaint, involved exposure to multiple punishments. And, that was the framework in which we addressed the issue. In other words, we considered what he directed us to consider. Raising new issues in a motion for rehearing comes too late. *Riles v. State*, 417 S.W.3d 606, 613-14 (Tex. App.—Amarillo 2013), aff'd on other grounds, 452 S.W.3d 333 (Tex. Crim. App. 2015) (stating that a motion for rehearing does not afford a litigant an opportunity to raise new issues, especially after the case has been briefed, argued, and decided on other grounds).

### *Issue Four*

We consider appellant's fourth issue last, given its tenor. Through it, he globally asserts that the "many, multiple errors" in this case contributed to a wrongful verdict and sentence. Having overruled each of appellant's other issues for the lack of error, waiver, inadequate briefing, and the lack of harm (assuming error occurred), we overrule this issue as well.

The trial court's judgment is affirmed while the motion for rehearing is denied.


Brian Quinn
Chief Justice


Do not publish.